Argued December 7, 1964, affirmed March 10, 1965

## MASON *v.* SUTHERLIN MACHINE WORKS, INC.

399 P. 2d 1016

*Donald B. Bowerman,* Portland, and *James O. Goodwin,* Oregon City, argued the cause for appellant. On the brief were Rask, Hefferin & Bowerman, Portland, and Jack, Goodwin & Anicker, Oregon City.

*David C. Landis,* Portland, argued the cause for respondent. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester, and Howard K. Beebe, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Denecke and Lusk, Justices.

PERRY, J.

The plaintiff brought this action to recover damages for the wrongful death of Robert F. Mason. Judgment was rendered for defendant under defendant's supplemental answer, and plaintiff appeals.

Mason was employed by Kline Contractors, Inc., and, while in the scope of his employment, was fatally

injured when a portable, high-lead, telescoping steel logging spar fell. The defendant had manufactured the spar on its own premises at the request of Kline Contractors, Inc., for use in its logging operations. As a part of the contract of sale and purchase, the defendant agreed to supply Kline with technical and expert mechanical assistance for the initial erection and lowering of the spar, up to five erections and lowerings. A Mr. Theiss was sent by the defendant to supervise the initial lowering of the spar for the purpose of moving it to a new location. The spar fell, due to the failure of a hydraulic jack, and Mason, who was assisting in the lowering operation, was killed.

The theory of the plaintiff is that the spar fell due to the negligent design and manufacture of the spar.

The defendant's defense is that, since both the defendant manufacturer and Kline were contributors to and under the Workmen's Compensation Act and, at the time of the injury, were engaged in a common or related enterprise on premises under joint supervision and control, the action of plaintiff cannot be maintained as a third party action against the defendant.

Assuming the fact, as found by the trial court and sustained by the evidence, that both Kline and the defendant were covered employers engaged in "the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation" on premises under joint supervision and control, the question then raised by plaintiff's demurrer to the evidence is whether the antecedent negligence of one employer, which at a later time causes an injury to the employee of the other employer, gives rise to an enforcible cause of action.

■ All common-law and statutory remedies for tortious injuries by third parties are open to an injured covered workman unless barred by the provisions of ORS 656.154, and, if barred, the act itself provides the sole remedy. *Pruett v. Lininger, et al,* 224 Or 614, 356 P2d 547; *Plummer v. Donald M. Drake Co.,* 212 Or 430, 320 P2d 245; *Atkinson v. Fairview Dairy Farms,* 190 Or 1, 222 P2d 732; *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790.

ORS 656.154 reads as follows:

"(1) If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590.

"(2) As used in this section, 'premises' means the place where the employer, or his workman causing the injury, and the employer of the injured workman, are engaged in the furtherance of a common enterprise or the accomplishment of the same or related purposes in operation."

■ It is clear that the expressed purpose of this provision of the act, exempting employers in joint control of premises while engaged in a common enterprise, was to spread the contractual provisions of the act so that, while such an operation is in effect, the employees of each employer are to be considered in the same posture as if there was but a single employer. Or as stated in *Rasmussen v. George Benz & Sons,*

168 Min 319, 325, 210 NW 75, cited with approval by this court in *Plummer v. Donald M. Drake Co.*, supra,

> "* * * Being engaged in a 'common enterprise' or in the 'accomplishment of the same' or 'related purposes' in operation on the premises puts all the employers so engaged in the relative, if not actual, position of an employer of any such employe. * * * In short the community of interest gives the third party, who is subject to the compensation act, under this statute the status of an employer toward the employe."

Cf. *Matheny v. Edwards Ice Machine & Supply Co.*, 39 F2d 70 (9th Circuit).

Since under the act the injured workman may not sue his own employer, regardless of when the negligence occurs that leads to the injury, it follows that where separate employers are in a situation contemplated by the act so that they are regarded as acting as a single employer of all, a cause of action against any employer as a third party so situated does not exist regardless of when negligence occurs that causes the injury on the premises under joint supervision and control.

The judgment of the trial court is affirmed.