Argued and submitted May 4, reassigned July 27, decision of the Court of Appeals reversed and judgment of the circuit court affirmed in part; case remanded to the circuit court for further proceedings August 19, 1993

Necole Eve FIELDS,
*Respondent on Review,*

*v.*

JANTEC, INC.,
*Respondent,*

*and*

Edgar C. BROWN,
*Petitioner on Review,*

*and*

BROUGHTON & HARRELL CORPORATION,
an Oregon corporation,
*Respondent.*

(CC 16-90-06820; CA A71071; SC S39747)

857 P2d 95

James C. Chaney, of Jaqua & Wheatley, P.C., Eugene, filed the petition and argued the cause for petitioner on review.

Carl G. Kiss, Portland, argued the cause for respondent on review. Also on the response was Charles Paulson, of Paulson & Baisch, P.C., Portland.

Arthur C. Johnson and Douglas G. Schaller, of *amicus curiae* Johnson, Clifton, Larson, Corson & Phillips, P.C., Eugene, filed a brief. Robert K. Udziela, of Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, joined in the brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

GRABER, J.

## GRABER, J.

This is a negligence action, arising out of a workplace injury, in which we consider the personal liability of an individual in his capacity as an officer, director, and shareholder of the corporation that employed plaintiff before her injury but not at the time of her injury.

At the time the events material to our review began, Edgar C. Brown (Brown) was the sole shareholder of defendant Jantec, Inc. (Jantec). Brown also was an officer and director of Jantec. Under a franchise arrangement, Jantec operated three pizza restaurants, including Abby's Pizza Inn in Florence (Abby's).

In 1988, plaintiff began working at Abby's. Part of her job involved the use of a cheese grinder that had been installed in the early 1970s. The cheese grinder did not have a safety guard on it. Brown knew that there was no guard on the grinder.

On April 26, 1989, Brown sold all outstanding shares of Jantec to defendant Broughton & Harrell Corporation (B & H). Brown also ceased to be an officer and director of Jantec, and he had no interest in or position with B & H. On May 1, 1989, Jantec filed articles of dissolution and conveyed all assets, including the cheese grinder, to B & H. Plaintiff continued to work at Abby's under the ownership of B & H.

On January 14, 1990, while operating the cheese grinder, plaintiff lost her right hand. Plaintiff filed a workers' compensation claim, which was accepted.

Later, plaintiff filed this action for personal injury against Brown, Jantec, and B & H. As pertinent here, the second amended complaint alleged that

"Brown and Jantec were negligent in one or more of the following particulars:

"a. In having removed the safety guard from the grinder, thereby making the grinder dangerous for its intended use, having no reason to believe Plaintiff would realize the danger, and in failing to warn of its dangerous condition;

"b. In having failed to replace the safety guard, knowing or having reason to know that without said safety guard the

grinder was dangerous for its intended use, having no reason to believe Plaintiff would realize the danger, and in failing to warn of its dangerous condition;

"c.    In transferring the assets of Jantec Corporation to Defendant Broughton & Harrell, including the open-bowl Stimpson Grinder that was not equipped with a safety guard, knowing or having reason to know the grinder was dangerous for its intended use, having no reason to believe Plaintiff would realize the danger, and failing to warn of its dangerous condition."

All defendants moved for summary judgment pursuant to ORCP 47. The trial court granted the motions and entered judgment for all defendants. Plaintiff appealed.

The Court of Appeals held that the trial court did not err in granting summary judgment to defendant B & H, because plaintiff's exclusive remedy against her employer was under the Workers' Compensation Law, ORS 656.018.[1] *Fields v. Jantec, Inc.*, 115 Or App 350, 352-54, 839 P2d 723 (1992). The Court of Appeals held, however, that the trial court erred in granting summary judgment to defendants Jantec and Brown. The court held that Jantec and Brown were not shielded from liability under ORS 656.018, because Jantec was not plaintiff's employer at the time of the compensable injury. *Id.* at 358-59. The court also held that Brown was not protected from personal liability by his status as a

---

[1] ORS 656.018 provides in part:

"(1)(a)  The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom * * *.

"* * * * *

"(2)    The rights given to a subject worker and the beneficiaries of the subject worker for compensable injuries under this chapter are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury.

"(3)    The exemption from liability given an employer under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the [Department of Insurance and Finance], and the contracted agents, employees, officers and directors of the employer, the employer's insurer, the self-insured employer's claims administrator and the [Department of Insurance and Finance] * * *."

corporate officer if he "authorized, directed, or participated in tortious conduct." *Id.* at 358. Finally, the Court of Appeals held that the liability of Jantec and Brown for damages caused by a failure to warn of a latent danger is not limited to that described in Restatement (Second) of Torts § 388 (1965), relating to the particular standard of care owed by a supplier of chattels. *Id.* at 354-58. Citing *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987), and *Fuhrer v. Gearhart By The Sea, Inc.*, 306 Or 434, 760 P2d 874 (1988), the court stated that, instead, "[t]he real issue is whether it was reasonably foreseeable that plaintiff would be injured by defendants' conduct and whether their conduct was unreasonable." *Id.* at 357. Concluding that that issue should be determined by the trier of fact, the Court of Appeals reversed the judgment of the trial court as to Jantec and Brown and remanded the case against them. *Id.* at 358-59.

Brown petitioned for review. We allowed the petition and now reverse the decision of the Court of Appeals with respect to him.[2]

■     On review of a summary judgment, this court determines whether there was a genuine issue as to any material fact and whether the moving party was entitled to judgment as a matter of law. ORCP 47C; *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993). In reviewing a trial court's ruling on a motion for summary judgment, this court views the evidence and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Whitaker v. Bank of Newport*, 313 Or 450, 452, 836 P2d 695 (1992).

We will consider each of plaintiff's three specifications of negligence against Brown in turn. The first specification of negligence is Brown's alleged removal of the safety guard from the cheese grinder. With respect to that allegation, there was no genuine issue of material fact. The affidavits and other evidence in support of, and in opposition to, defendants' motions for summary judgment demonstrate without dispute that the grinder had no safety guard when

---

[2] Because Jantec did not petition for review, we do not consider issues related to its potential liability to plaintiff. Because plaintiff did not petition for review, we do not consider issues related to the summary judgment in favor of B & H.

Jantec first acquired it and that Brown did not remove a safety guard.

We next consider plaintiff's second specification of negligence. Therein, plaintiff alleged that Brown was liable for failing "to replace the safety guard on the cheese grinder" and failing to warn plaintiff of its dangerous condition.

■ 3A Fletcher Cyclopedia of the Law of Private Corporations § 1135 (1986 ed & Supp 1992 at 66-67) states:

> "The fact that one is acting as a corporate representative does not insulate him [or her] from individual liability for his [or her] tortious acts. In other words, if an officer or agent of the corporation through his or her own fault injures another to whom he or she owes a personal duty, that officer or agent is personally liable to the injured third party regardless of whether the act resulting in injury is committed by or for the corporation. It does not matter that liability might also attach to the corporation. Personal liability attached, regardless of whether the breach was through malfeasance, misfeasance or nonfeasance." (Footnotes omitted.)

*See also Beri, Inc. v. Salishan Properties, Inc.*, 282 Or 569, 580, 580 P2d 173 (1978) (where the defendants were "charged with active participation on their own account[s], not merely in their capacities as corporate officers," in the tortious conduct alleged by the plaintiffs, the trial court erred in sustaining the defendants' demurrers). Under those principles, Brown is not insulated from liability for his negligence, if any, merely because of his status as a corporate officer, director, or agent of Jantec.

■ The question remains, however, whether the second specification of negligence against Brown nevertheless is barred by the provisions of the Workers' Compensation Law, ORS 656.001 *et seq.* ORS 656.018(1)(a), set out *ante* at note 1, provides that the workers' compensation liability of an employer who has complied with the requirements of the Workers' Compensation Law

> "is exclusive and in place of all other liability arising out of compensable injuries to the subject workers[.]"

ORS 656.018(2), also set out *ante* at note 1, further provides that a subject worker's rights under the Workers' Compensation Law "are in lieu of any remedies that [the worker] might

otherwise have for such injuries against the worker's employer * * *, common law or statutory, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury." *See also* ORS 656.005(13) (defining an "employer" as a person who "contracts to pay a remuneration for and secures the right to direct and control the services of any person"); ORS 656.017 (establishing employers' duties in regard to compliance with the Workers' Compensation Law).

Jantec was a complying employer under the Workers' Compensation Law when Brown allegedly failed to replace the safety guard on the cheese grinder and failed to warn plaintiff of the machine's dangerous condition. Jantec's compliance conferred a statutory exemption from liability on Brown, as well as on the corporation. *See* ORS 656.018(3), set out *ante* at note 1 (providing that "[t]he exemption from liability given an employer under this section is also extended to the * * * officers and directors of the employer").[3] Jantec was not, however, a complying employer, within the meaning of the Workers' Compensation Law, at the time that plaintiff suffered her injury; it no longer was her employer at all. This court has not previously considered whether the immunity from tort liability conferred by ORS 656.018(1)(a) and confirmed by ORS 656.018(2) is available to a former employer of an injured plaintiff for alleged negligence that occurred during, and in the course and scope of, the former complying employment.[4]

In answering that question, we begin with the text and context of the statute. *See State ex rel Juv. Dept. v. Ashley,* 312 Or 169, 174, 818 P2d 1270 (1991) (describing methodology). Plaintiff's alleged damages, and Brown's asserted liability therefor, arose out of a compensable injury, which is a predicate for the application of ORS 656.018. However, the text of ORS 656.018 does not state expressly

---

[3] With regard to Brown's status as a shareholder of Jantec, ORS 60.151 provides that a shareholder is not liable for the acts or debts of the corporation merely by reason of being a shareholder. Plaintiff does not allege, and the record does not demonstrate, any reason not to respect the corporate form of Jantec.

[4] *See* ORS 656.005(7)(a), which defines a "compensable injury" as "an accidental injury * * * arising out of and in the course of employment."

whether the statutory exemption applies to a former complying employer of an injured plaintiff with respect to alleged negligence that occurred during, and in the course and scope of, the former complying employment.

The context provides some, albeit limited, assistance. ORS 656.005(18) defines a "noncomplying employer" as "a subject employer who has failed to comply with ORS 656.017." ORS 656.020 provides that an injured worker may bring an action for damages "against any employer who has failed to comply with ORS 656.017." By implication, an injured worker may *not* bring an action for damages against any employer who *has* complied with ORS 656.017 unless a statutory exception, such as the exception for certain intentional behavior, ORS 656.018(3)(a), applies. Jantec, and hence Brown, complied with ORS 656.017 at the time of the act or omission described in plaintiff's second specification of negligence.

The text and context of ORS 656.018 are not dispositive of the issue before us. We turn, therefore, to legislative history. *See Bartz v. State of Oregon,* 314 Or 353, 357, 839 P2d 217 (1992) ("When the text and context of the statute do not make the legislature's intention clear, we turn to the legislative history to aid us in construing the statute."). We have examined the legislative history of ORS 656.018 and have found nothing that bears on the present question.

We also consider, more generally, the purpose of the exclusive remedy provision of the Workers' Compensation Law. *See Bartz v. State of Oregon, supra,* 314 Or at 358 (in addition to considering the wording and the legislative history of a statute, court considered its purpose). ORS 656.154 provides in part that, "[i]f the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker * * * may elect to seek a remedy against such third person."[5] Construing an earlier version of that section in a somewhat different context, this court noted:

"All common-law and statutory remedies for tortious injuries by third parties are open to an injured covered workman unless barred by the provisions of ORS 656.154,

---

[5] Plaintiff does not allege that Brown was an employee of Jantec, and Brown does not assert that he was in the same employ as plaintiff.

and, if barred, the [workers' compensation] act itself provides the sole remedy.

"* * * * *

"* * * [U]nder the act the injured workman may not sue his own employer, regardless of when the negligence occurs that leads to the injury * * *."

*Mason v. Sutherlin Machine Works*, 240 Or 51, 54-55, 399 P2d 1016 (1965) (citations omitted).[6]

■ That is, a current complying employer may not be held liable in negligence for a workplace injury, even if the negligence occurred before the relevant employment relationship began. Brown asks this court to apply a corollary principle: that a prior complying employer whose alleged negligence is at issue should not be liable in negligence if the alleged negligence occurred during, and in the course and scope of, the former complying employment, even if the workplace injury occurs after the employment relationship with that employer ends.

The overall bargain that the legislature struck in fashioning the workers' compensation system supports Brown's position.

"Workers' compensation laws provide a form of strict liability requiring employers, regardless of fault, to compensate employes for injuries arising out of and in the course of employment. In exchange for that relief under this no-fault recovery system, employes are limited to a fixed schedule of recovery and must abandon any common law right of action against their employers."

*McGarrah v. SAIF*, 296 Or 145, 160-61, 675 P2d 159 (1983) (footnote omitted).

---

[6] In *Mason v. Sutherlin Machine Works, supra*, the plaintiff sued for wrongful death when the plaintiff's decedent was fatally injured on the job by a logging spar. The defendant had manufactured the spar on its premises at the request of the decedent's employer. The plaintiff's theory was that the defendant had designed and manufactured the spar negligently. This court held that the defendant and the employer were engaged in a common enterprise so that, under the then-existing version of the statute, they were regarded as a single employer. As a complying employer, the defendant was not subject to liability for the alleged negligence. The joint-supervision portion of ORS 656.154 has been deleted by legislative amendment. Or Laws 1975, ch 152, § 1.

> "When the parties are covered by the act, the rights of a covered [employee] are based upon the contract between the employee, the employer and the state. And the rights and remedies provided by the act are exclusive."

*Shoemaker v. Johnson*, 241 Or 511, 519, 407 P2d 257 (1965) (citations omitted). An employer who complied fully with its statutory obligations to its employees has fulfilled its part of the bargain entirely. Under ordinary contract principles, a party who has fulfilled its part of the bargain entirely is entitled to performance by the other parties to the contract. The legislative *quid pro quo* should, therefore, apply with respect to a later-occurring workplace injury if the alleged negligence occurred during, and in the course and scope of, the former complying employment and if, for that reason, the workers' compensation remedy would have been exclusive had the same injury occurred during the complying employment.

The opposite rule would have anomalous results. Two employees who are otherwise situated identically could recover different amounts depending solely on whether the employer of one of them had changed ownership. Another anomaly is that a complying employer whose employee suffered *no workplace injury at all* during the entire course of employment would be liable for damages, while a complying employer whose employee suffers a substantial workplace injury during the course of employment would not be liable for damages. Finally, an employer who has sold its business and ceased employing workers would be faced with uncertain future liability for workplace injuries that have not yet occurred, but would be powerless to agree with the buyer of the business to be held harmless. *See* ORS 656.018(1)(a), (c) (agreements for contribution or indemnity, asserted by third persons from whom damages are sought on account of workplace injuries, are void).

We recognize that at least two other jurisdictions have reached a different result. *See Duvon v. Rockwell Intern.*, 116 Wash 2d 749, 807 P2d 876 (1991) (rejecting a former employer's argument that, because it had complied with the requirements of that state's "industrial insurance" scheme while it was the plaintiff's employer, it was entitled to immunity from the plaintiff's tort claim for an injury that

occurred after the plaintiff became employed by a successor employer); *Konken v. Oakland Farmers Elevator Co.*, 425 NW2d 302, 304-06 (Minn App 1988) (holding that the plaintiff could sue his former employer for negligence, because he would have been injured even if he had not been employed by that employer and because the former employer no longer was subject to the burdens of the workers' compensation law on the plaintiff's behalf at the time of the workplace injury).[7] Those cases contain little reasoning, however, and we are not persuaded by them.

We conclude that ORS 656.018 protects a complying former employer of an injured plaintiff from common-law liability with respect to alleged negligence that occurred during, and in the course and scope of, the former complying employment. Plaintiff's second specification of negligence in this case falls within that category.

Plaintiff's third specification of negligence is the only one that refers to a time after Brown ceased to be associated with Jantec. That specification is very limited. It alleges that Brown was negligent in "transferring [to B & H] the assets of Jantec Corporation," including the cheese grinder, knowing of the grinder's dangerous condition, and in failing to warn B & H of that condition.[8]

We conclude that Brown is not personally liable under plaintiff's third specification of negligence, because the factual predicate for the allegation is missing. The undisputed evidence is contrary to plaintiff's assertion. Brown never owned the cheese grinder and did not effect its transfer. Brown *did not transfer assets*; he *sold his shares* of Jantec to

---

[7] *See also* 2A A. Larson, The Law of Workmen's Compensation 12-17, § 65.13 (1993):

"The controlling fact in establishing exclusiveness [of the workers' compensation remedy] is the relationship of the parties at the time of occurrence of the injury. Their relationship at other times, such as the time of the employer's misconduct or the time of bringing the suit, is immaterial."

[8] Brown does not assert that he is protected from liability for the third specification of negligence by ORS 656.018. *See Hull v. Aurora Corp. of Illinois*, 89 AD2d 681, 454 NYS2d 39 (App Div 1982) (former employer could be sued in negligence for workplace injury occurring after sale of plant and machinery to successor; injured worker alleged that former employer succeeded to liabilities of manufacturer of defective machine, so its status as former employer was a "fortuity").

B & H. After B & H had acquired ownership of Jantec through that transaction, *Jantec*, not Brown, transferred Jantec's *assets* (including the grinder) to B & H. *See* ORS 60.531(1)(c) (a corporation may "[t]ransfer any or all of its property to a corporation all the shares of which are owned by the corporation").

We conclude that the trial court did not err in granting Brown's motion for summary judgment.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is affirmed as to Edgar C. Brown. The case is remanded to the circuit court for further proceedings.