885 P.2d 721 (1994)
131 Or.App. 487
STATE of Oregon, Respondent,
v.
Mary Ann LINN, Appellant.
93-20145; CA A80333.
Court of Appeals of Oregon.
Argued and Submitted August 26, 1994.
Decided November 23, 1994.
Review Denied January 24, 1995.
Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.
Kaye E. Sunderland, Asst. Atty. Gen., argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Atty. Gen., and Virginia L. Linder, Sol. Gen.
*722 Before ROSSMAN, P.J., and De MUNIZ and LEESON, JJ.
LEESON, Judge.
Defendant was convicted of second degree theft for shoplifting merchandise from a drug store. ORS 164.015(1); ORS 164.045. Pursuant to OEC 609(1), the trial court allowed the credibility of a defense witness to be impeached by evidence of his prior municipal court conviction for misdemeanor theft. Because defendant did not testify, the credibility of that witness was critical to her theory that she did not intend to steal any merchandise. Defendant assigns error to the trial court's ruling. We review for errors of law, ORS 19.125, and affirm.
The sole issue is whether OEC 609(1), as amended in 1986 by ballot measure 10, permits an attack on the credibility of a witness by evidence that the witness had been convicted of a crime in municipal court. As it appeared on the ballot and was passed by the voters, OEC 609(1) provides that,
"[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, or (b) involved false statement or dishonesty."
The controversy arises because of language that was omitted from the voters' pamphlet when Oregon voters passed the initiative, known as the "Crime Victims' Bill of Rights." The problem created by that initiative was succinctly stated by the Supreme Court in State v. Gallant:
"Before 1986, OEC 609(1) provided: `For the purpose of attacking the credibility of a witness, evidence that the witness had been convicted of a crime in other than a justice's court or a municipal court shall be admitted * * *.' Former OEC 609(1) (1985) (emphasis added). For unknown reasons, the drafters of the `Crime Victims' Bill of Rights' omitted the exception for convictions in justice's courts and municipal courts from the text of OEC 609. Compare former OEC 609(1) (1985) with Official 1986 General Voters' Pamphlet 50. The ballot measure did not bracket and italicize the deletion, as it did with other deletions of statutory text to show voters what changes were proposed. Nothing in the text of the initiative or its explanation in the voters' pamphlet informed the voters that the enactment would delete this text." 307 Or. 152, 154 n. 2, 764 P.2d 920 (1988).
Although the Supreme Court noted that the voters' pamphlet failed to inform the voters about the proposed deletion, it expressed no conclusion about the significance of the omission. Defendant urges us to continue to recognize the prohibition against use of municipal court or justice court convictions to attack the credibility of a witness, because the omission indicates that the voters had "no intent to reverse the 1981 Legislature's decision to prohibit use of justice court or municipal court convictions for impeachment under Rule 609(1)." Kirkpatrick, Oregon Evidence 365 (2d ed. 1989). She argues that Kirkpatrick makes explicit what the Supreme Court implicitly recognized in the Gallant footnote, 307 Or. at 154 n. 2, 764 P.2d 920, and that we should adopt it as a rule.
In construing a statute, there is no essential difference between one passed by voter initiative and one enacted by the legislature. State v. Shumway, 291 Or. 153, 162, 630 P.2d 796 (1981) (citing Anthony et al. v. Veatch et al., 189 Or. 462, 497, 220 P.2d 493, 221 P.2d 575 (1950)). Thus, in construing OEC 609(1), our task is to discern the intent of the voters by examining the text and context of the statute. See PGE v. Bureau of Labor and Industries, 317 Or. 606, 612 n. 4, 610, 859 P.2d 1143 (1993). The best evidence of intent is the text of the statutory provision itself. 317 Or. at 610, 859 P.2d 1143. We are prohibited by ORS 174.010 from inserting what has been omitted. 317 Or. at 611, 859 P.2d 1143. If the intent is clear, further analysis is unnecessary. 317 Or. at 611, 859 P.2d 1143.
OEC 609(1) unambiguously states that a conviction for a crime involving dishonesty is admissible for impeachment purposes. It *723 does not limit admissibility to convictions from certain courts, nor does it except convictions from other courts. Defendant's argument is premised on a passage in Kirkpatrick, that some language omitted from the voters' pamphlet may have failed to alert voters to the proposed change. Because the statute is unambiguous, no further analysis is necessary.
A prior conviction for theft is admissible under OEC 609(1)(b) as a crime involving dishonesty. State v. Gallant, supra, 307 Or. at 157, 764 P.2d 920. The trial court did not err in allowing the witness's credibility to be impeached by evidence of that conviction.
We have reviewed and reject defendant's other arguments.
Affirmed.