Submitted on petition for reconsideration filed March 7, of order dated January 24, denying petition for review of a decision of the Court of Appeals,* petition for reconsideration denied April 21, 1995

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# MARY ANN LINN,
*Petitioner on Review.*

## (DC 93-20145; CA A80333; SC S41867)
892 P2d 695

Allen H. Biedermann, Deputy Public Defender, Salem, filed the petitions for petitioner on review. With him on the petition was Sally L. Avera, Public Defender, Salem.

No appearance *contra.*

MEMORANDUM OPINION

The petition for reconsideration is denied.

Unis, J., would allow reconsideration.

Fadeley, J., filed a dissenting opinion.

---

* Appeal from Lane County District Court, Bryan T. Hodges, Judge. 131 Or App 487, 885 P2d 721 (1994), *rev den* 320 Or 508 (1995).

**FADELEY, J.,** dissenting.

Can an amendment changing the law be passed by the voters when the voters do not intend to make such a change and have no notice or knowledge that their vote will make such a change? More simply stated, can an amendment to an existing law be passed by the voters without the voters knowing that they are making that amendment? Does Article IV, section 22, of the Oregon Constitution, related to legislative amendments, bear on this issue? These are questions of first impression presented by this case. I would allow review.

## NO AMENDMENT WAS PROPOSED

In 1986, amendments were proposed, by initiative, to various criminal laws. However, the record in this case does *not* demonstrate that the initiative in question appeared to propose any changes to the existing law controlling use of prior convictions to impeach witnesses in courts that are not courts of record. The voters, acting as legislators, voted on the measure that was before them, *i.e.*, they made changes or amendments to the law relating to the use of convictions to impeach by adding a new requirement that the conviction be for a crime involving dishonesty. Nonetheless, the courts below have *assumed* that the changes actually made included adding convictions from justice and municipal courts to those that may be used to impeach a witness. We should allow review of this case to determine whether that assumption is correct.

In Oregon, each voter receives an official Voters' Pamphlet, published by the state that gives statutorily required information to every voter about the content and purpose of each measure on the voter's ballot. The Voters' Pamphlet prints in full the text of each measure and is the only source of that text that the vast majority of voters will ever see. As such, it is the only source from which most voters — who are legislators in an initiative — obtain the information that they use to decide to vote yes or no.

Before adoption of the 1986 initiative, the use of a prior conviction to impeach a witness was provided for by statute, but that statute did not permit use of convictions

from those inferior courts that were not courts of record at the time of the conviction.[1]

The Voters' Pamphlet quoted the text of the measure, purportedly in its entirety. Therein the voters were advised that they were only voting to adopt amendment to existing law when it stated that "ORS 40.355 [OEC 609] is amended to read [as follows]." However, the text of the 1986 measure was not printed in full (assuming, as the Court of Appeals did, that the measure included a law change that amended the law related to use of prior convictions to impeach witnesses). Instead of showing such a change, or any change at all in the relevant portions of the printed measure, the Pamphlet instead led the voters to believe there was no such change.

The Voters' Pamphlet, in the material appearing just before the printed words of the measure, stated:

"As set out below, boldfaced material, other than the section numbers of this ballot measure, will be added to existing statutes while [*bracketed*] material will be deleted."

There was no bracketed material. No words of the existing statute were shown in the Voters' Pamphlet as being deleted. Thus, it is at least argued that the voters did not intend to amend the existing statute by deleting the qualifications to OEC 609(1), because they were never apprised of the fact that any such deletions were involved. Other deletions were bracketed and printed in full within the brackets. A word added by the measure, "dishonesty," was printed in boldface, thereby further assuring the legislator-voters that what they saw was what they were voting to adopt.

The Court of Appeals, nonetheless, stated that it was discerning the "intent of the voters" and that the qualification limiting impeachment to convictions from courts of record was not printed in the Voters' Pamphlet version of the measure in any way. The court therefore concluded that the

---

[1] Judgments of those courts are rather uniformly treated as not being entitled to the same respect or finality as judgments of a court of record. That treatment pervades other areas of the law and was and is not limited to the reliability of convictions therein. For example, if a litigant questions the correctness of a judgment rendered in such an inferior court by appealing it, the entire case is heard anew (*de novo*) in the district or circuit court. ORS 53.090, 157.060, and 221.350.

text of OEC 609(1), "[a]s it appeared on the ballot and was passed by the voters," unambiguously states that "a conviction for a crime involving dishonesty is admissible for impeachment purposes." *State v. Linn*, 131 Or App 487, 489, 490, 885 P2d 721 (1994). That court then opined:

"Because the statute is unambiguous, no further analysis is necessary." *Id.* at 490.

But the voters were not told that they were passing that part of the statute. Instead, they were told that it was existing law that was not being changed and that they were not amending by their vote. Indeed, the court's assumption that the erroneous information constitutes the "statute" begs the very question presented in this case, as well as beggaring the constitutional mandate that "the act * * * amended shall be set forth, and published at full length," to which I now turn.

## CONSTITUTION REQUIRES NOTICE OF DELETIONS BY AMENDMENT

Article IV, section 22, requires that:

"No act shall ever be revised, or amended by mere reference to its title, but the act revised, or section amended shall be set forth, and published at full length."

However, OEC 609, which is the focus of this case was not "set forth" or "published at full length." The proposed amendment (assumed by the Court of Appeals to have been included in the measure) was not shown to the voters as, I believe, the constitution requires. The voters, who acted as the only legislators, were told that they were being shown any deletions; no deletion was indicated. Thus, under the most probable interpretation of the constitutional provision, no deletion by reason of the legislators' vote and, therefore, use of convictions from courts not of record would continue to be prohibited by statute, as petitioner contends.

I believe that review should be allowed in this case to decide the questions noted herein. I dissent from the order denying reconsideration.