Argued and submitted June 13, 2011, affirmed in part, reversed in part, and remanded February 29, 2012

Antonio CORTEZ,
*Plaintiff-Appellant,*

*v.*

NACCO MATERIALS HANDLING GROUP, INC.,
a Delaware corporation,
assumed business name Hyster Company;
and Pape Material Handling, Inc.,
an Oregon corporation,
fka Pape Lift, Inc.,
assumed business name Hyster Sales Company,
*Defendants,*

*and*

SWANSON GROUP, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
050302632; A144045

274 P3d 202

Robert K. Udziela argued the cause for appellant. With him on the briefs were J. Randolph Pickett, R. Brendan

Dummigan, Kristen West, Pickett Dummigan LLP, Peter O. Hansen, and Law Offices of Peter Hansen.

Matthew Kalmanson argued the cause for respondent. On the brief were Marjorie A. Speirs, Janet M. Schroer, and Hoffman Hart & Wagner, LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Plaintiff appeals from a limited judgment dismissing with prejudice all of his claims against defendant Swanson Group, Inc.[1] The trial court granted defendant's motion for summary judgment on the ground that defendant is exempt from liability under the exclusive remedy provision, ORS 656.018, of the workers' compensation law. According to plaintiff, the exclusive remedy provision does not shield defendant, because defendant was not his employer and instead was merely a "member" of the limited liability company (LLC) that employed plaintiff. For the reasons explained below, we affirm in part, reverse in part, and remand for further proceedings.

When reviewing a grant of summary judgment, we examine the record in the light most favorable to the non-moving party to determine whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). Plaintiff is an employee of Sun Studs, LLC (Sun Studs). Sun Studs is a member-managed LLC as the term is defined in ORS 63.001(22). Defendant is the sole member and owner of Sun Studs. Defendant provides a safety manual to each of its subsidiary LLCs. Del Ash, one of defendant's executive officers, is responsible for ensuring that defendant's subsidiary LLCs, including Sun Studs, are implementing the policies and procedures set forth in the safety manual. Sun Studs's plant manager and human resources director are responsible for the day-to-day safety operations.

Sun Studs owned and operated a forklift, which defendant had purchased as an asset when it acquired Sun Studs, Inc., a predecessor owner of Sun Studs.[2] While employed by Sun Studs, plaintiff was injured by the forklift

---

[1] Plaintiff filed claims against several defendants, including Nacco Materials Handling Group, Inc., who are not parties to this appeal. In this opinion, "defendant" refers only to Swanson Group, Inc.

[2] Sun Studs, Inc., was the former owner of Sun Studs, LLC. Defendant created an LLC subsidiary, Swanson Roseburg, LLC, to purchase Sun Studs, Inc. Shortly after the acquisition, defendant changed the name of Swanson Roseburg, LLC, to Sun Studs, LLC.

when it was backing up. As a result of the accident, plaintiff filed a claim for and obtained workers' compensation benefits from Sun Studs's insurer. Plaintiff then filed this action for damages against defendant.

In his amended complaint, plaintiff alleged three claims for relief against defendant: (1) violation of the Oregon Employer Liability Law (ELL), ORS 654.305 to 654.336, (2) negligence, and (3) noncompliance with workers' compensation statutes, ORS 656.017. The ELL "imposes a heightened statutory standard of care on a person or entity who either is in charge of, or responsible for, any work involving risk or danger." *Woodbury v. CH2M Hill, Inc.*, 335 Or 154, 159, 61 P3d 918 (2003). Plaintiff's negligence claim is based on defendant's management of Sun Studs. Plaintiff alleged, in general, various aspects of defendant's own failures with regard to safety in the workplace and its failure to require Sun Studs to provide certain safety features and a safe workplace.

Defendant moved for summary judgment against the three claims and presented four arguments. First, defendant argued that, as a member of an LLC, it could not be directly liable solely by reason of its status as a member or manager of Sun Studs. Second, defendant asserted that it did not exercise sufficient control over Sun Studs for the ELL to apply. Third, defendant argued that the workers' compensation law provides plaintiff's exclusive remedy, and, as a member of the LLC that employed plaintiff, defendant is entitled to exclusive remedy protection. Finally, defendant argued that it complied with the workers' compensation statutes by obtaining workers' compensation insurance.

Plaintiff conceded that he could not pursue his claim for noncompliance with the workers' compensation statutes. After hearing arguments, the trial court ruled:

"1.   Defendant Swanson's Motion for Summary Judgment on Plaintiff's Sixth Claim for Relief under the Noncomplying Employer statutes was conceded by Plaintiff and, therefore, Defendant Swanson's motion on that claim is granted;

"2.   Defendant Swanson's Motion for Summary Judgment on the Plaintiff's Fourth Claim for Relief under the

Employers' Liability Law is denied on the basis that there is a genuine issue of material fact precluding summary judgment;

"3. Defendant Swanson's Motion for Summary Judgment on the argument of immunity from liability under the limited liability statutes in Chapter 63 is denied on the basis that there is a genuine issue of material fact;

"4. Defendant Swanson's Motion for Summary Judgment on the Exclusive Remedy Defense contained in ORS 656.018(3) is granted.

"5. Based on the Court's ruling on the Exclusive Remedy Defense, all claims by Plaintiff against Swanson Group, Inc., are hereby dismissed with prejudice."

Thus, the trial court concluded that plaintiff had established questions of fact for trial on defendant's potential liability under the ELL claim, and the court rejected defendant's limited liability defense under ORS chapter 63 relating to both the ELL claim and the negligence claim based on material factual disputes. Nevertheless, the trial court dismissed those claims against defendant based on the exclusive remedy provision, ORS 656.018.

On appeal, plaintiff argues that the trial court erred in granting defendant's summary judgment motion on the ground that the exclusive remedy provision applied to defendant as a "member" of Sun Studs, plaintiff's employer. According to plaintiff, the exclusive remedy provision in ORS 656.018(3) extends the exemption of liability to officers and directors" of an employer, but not to "members" of an employer. Defendant responds that the trial court correctly ruled that the exclusive remedy provision includes LLC members.[3] In the alternative, defendant renews other arguments it made below as a proper basis for affirming the summary judgment. We conclude that the exclusive remedy provision of the workers' compensation law does not apply to "members" of an LLC. Nonetheless, the trial court properly

---

[3] Defendant concedes that it is not plaintiff's employer for purposes of the exclusive remedy provision.

granted defendant's motion for summary judgment on plaintiff's ELL claim, but improperly granted it on plaintiff's negligence claim. We begin with the exclusive remedy provision.

In this case, we must determine whether the legislature intended to include "members" of limited liability companies among those exempt from liability under the exclusive remedy provisions of ORS 656.018. In determining legislative intent, we consider the statutory text, context, and any relevant legislative history. *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009). We are prohibited from inserting in the statute what has been omitted, or omitting what has been inserted. ORS 174.010; *State v. Linn*, 131 Or App 487, 490, 885 P2d 721 (1994), *rev den*, 320 Or 508 (1995).

This case turns on an interpretation of the exclusive remedy provision, ORS 656.018, which provides, in part:

"(1)(a)   The liability of every *employer* who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, * * * that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom[.]

"* * * * *

"(3)   The exemption from liability given *an employer* under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the Department of Consumer and Business Services, and the contracted agents, employees, officers and *directors* of the employer, the employer's insurer, the self-insured employer's claims administrator and the department[.]"

(Emphases added.) Subsection (1) shields employers from liability, and subsection (3) extends the shield to other entities and persons, including directors of the employer. Neither subsection (1) nor subsection (3) explicitly lists an LLC member or owner of a limited liability company.

Defendant contends that the legislature nevertheless intended to include owners of LLCs as entities exempt from liability. For purposes of ORS chapter 656, an employer

is defined as "any *person*, * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person." ORS 656.005(13)(a) (emphasis added). A "person," in turn, "includes [a] partnership, joint venture, association, limited liability company and corporation." ORS 656.005(23). According to defendant, by including an LLC as a "person" that may be an employer under the exclusive remedy provision, the legislature additionally intended to include the LLC's members as an employer.

We reject defendant's argument that the exclusive remedy provision applies to members of an LLC. First, an LLC is a legal entity distinct from its members, much as a partnership is a separate legal entity from its partners or a corporation is a separate legal entity from its shareholders. *See* ORS 63.001(9) (providing that an "entity" includes an LLC) *and* ORS 63.001(17) (defining an LLC as "an entity that is an unincorporated association having one or more members"). Thus, when the exclusive remedy provision applies to an LLC as an employer, it does not necessarily apply to the LLC's members.

Second, if the legislature had intended to include LLC members as one of the types of entities protected under the exclusive remedy provision, it knew how to do so expressly. When the legislature enacted the LLC statutes, it included a provision that extends the coverage of certain statutes to "members" and "managers" of LLCs, ORS 63.002. In relevant part, ORS 63.002 provides:

> "Unless the context otherwise requires, throughout Oregon Revised Statutes:
>
> "* * * * *
>
> "(2)   Wherever a section of Oregon Revised Statutes *applies to both 'partners' and 'directors,'* the section shall also apply:
>
> "* * * * *
>
> "(b)   In a limited liability company without managers, to the *members* of the limited liability company."

(Emphases added.) In this case, there is no dispute that Sun Studs, as a member-managed LLC, is a limited liability company without managers. Thus, by virtue of ORS 63.002(2), if the exclusive remedy provision of the workers' compensation statutes applies to both partners and directors, it also applies to defendant as the sole member of Sun Studs. As explained above, ORS 656.018(3) lists additional entities and persons who are exempt from liability. That list includes directors, but not partners. We note that the legislature amended the workers' compensation laws, ORS chapter 656, in 1995, the same year that it enacted ORS 63.002.[4] Had the legislature intended to exempt LLC members from liability, it could have easily done so, either by listing partners or by expressly including members in ORS 656.018(3). The legislature did not do so. Therefore, we conclude that the exclusive remedy provision provided to employers in ORS 656.018 does not apply to members of an LLC employer.

Case law supports our conclusion as well. The Oregon Supreme Court addressed a similar issue where an injured worker filed a claim for negligence against her prior corporate employer and the defendant, the corporation's sole shareholder, who was also an officer and director. The worker alleged that the corporation and the defendant were liable for her injury from a cheese grinder, which the corporation had owned before the defendant sold his shares to the worker's new employer. *Fields v. Jantec, Inc.*, 317 Or 432, 435, 857 P2d 95 (1993). The court concluded that when the corporation complied with the workers' compensation laws and became exempt from liability, the defendant became exempt as well through his status as an officer and director, given the statutory exemption for officers and directors under ORS 656.018(3). *Id.* at 439. In a footnote, the court also addressed the defendant's status as the sole shareholder:

"With regard to [the defendant's] status as a shareholder of Jantec, ORS 60.151 provides that a shareholder is not liable for the acts or debts of the corporation merely by reason of

_____

[4] Among the legislature's amendments was the addition of ORS 656.027(25), which exempted LLC members from being considered subject workers for workers' compensation purposes. The legislature, therefore, no doubt understood that the workers' compensation laws would affect LLCs and their members.

being a shareholder. Plaintiff does not allege, and the record does not demonstrate, any reason not to respect the corporate form of Jantec."

*Id.* at 439 n 3. Rather than suggest that the exclusive remedy provision shields shareholders from liability—the way it shields officers and directors—the court thought it was important enough to note that shareholders enjoy their liability protection under a different statute, ORS 60.151.[5] Thus, a shareholder, as an owner of a corporation, does not fall under the protection of the exclusive remedy provision in ORS 656.018(3). By analogy, a member, as an owner of an LLC, also does not fall under the protection of the exclusive remedy provision in ORS 656.018(3).

In the alternative, defendant argues that if the trial court erred in granting summary judgment based on the exclusive remedy provision, defendant is entitled to summary judgment based on three arguments it made to the trial court. First, defendant contends that, as a member, it is immune from liability on both of plaintiff's claims against it under ORS 63.165. Second, defendant contends that there is no genuine issue of material fact as to defendant's alleged status as an "indirect employer" for purposes of the ELL that would allow defendant to be held liable on plaintiff's ELL claim. Finally, defendant contends that it is entitled to summary judgment on the negligence claim because "a person's liability in negligence for work involving a risk or danger is generally no more extensive than his or her liability for that work under the ELL." *Boothby v. D.R. Johnson Lumber Co.*, 341 Or 35, 46-47, 137 P3d 699 (2006).

We begin with whether ORS 63.165 protects defendant. Under ORS 63.165(1),

"[t]he debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, are solely the debts, obligations and liabilities of the limited liability company. A member or manager is not personally liable for a debt, obligation or liability *of the limited*

---

[5] In this case, however, the statute that acts as a counterpart to ORS 60.151 and shields members of an LLC does not aid defendant, as we discuss below. 248 Or App at 444.

*liability company* solely by reason of being or acting as a member or manager."

(Emphasis added.)

Defendant argues that ORS 63.165 shields it from liability because its alleged tortious conduct occurred while it was acting as a member-manager. Defendant cites a continuing legal education (CLE) publication to support its contention that members are shielded from liability for activities conducted as a member: "A member of an LLC (in the capacity as a member) is shielded from the liabilities of the LLC whether or not the member actively participates in the management of the LLC." 1 *Advising Oregon Businesses* § 7.29, 7-22 (OSB CLE 2007). CLE materials, however, are "not authority of any kind." *Johnson v. Brown*, 193 Or App 375, 383 n 4, 91 P3d 741, *adh'd to as clarified on recons*, 194 Or App 486, 95 P3d 235 (2004). In any event, the CLE does not suggest that members and managers are shielded from *all* liability; rather, it states that they are shielded from liabilities *of the LLC*.

Although defendant correctly notes that a member who actively participates in the LLC is not liable for *the LLC's liabilities*, ORS 63.165 does not shield members from their own tortious conduct. *See J.C. Compton Co. v. Brewster*, 185 Or App 382, 389, 59 P3d 1288 (2002), *adh'd to on recons*, 187 Or App 709, 69 P3d 719 (2003) (determining that ORS 63.165 did not preclude the plaintiff's claim that the LLC member breached a contract separate and independent from agreements between plaintiff and LLC). When the legislature revised ORS 63.165 in 1999, the revisions were modeled after the 1996 version of the Uniform Limited Liability Company Act (ULLCA). House Committee on Business and Consumer Affairs, SB 51A, Feb 24, 1999, Ex G (Senate Bill 51 summary and commentary). Generally, commentary from a uniform act that the Oregon legislature has enacted is relevant to the legislative history. *Jeld-Wen, Inc. v. PacifiCorp*, 240 Or App 124, 129, 245 P3d 685 (2010); *see also Livingston v. Metropolitan Pediatrics, LLC*, 234 Or App 137, 143-44, 227 P3d 796 (2010) (citing commentary from the Revised Uniform Arbitration Act, on which the Oregon Uniform Arbitration Act was based, to interpret provision within that act).

Section 303(a) of the ULLCA,[6] which is practically identical to ORS 63.165(1), provides that a member or manager of an LLC is not personally liable for an obligation of the company solely by reason of being or acting as a member or manager. The commentary to that section states that "a member or manager [of an LLC] is responsible for acts or omissions to the extent those acts or omissions would be actionable in contract or tort against the member or manager if that person were acting in an individual capacity." Limited Liability Company Act (1996) § 303 Comment, 6B ULA 587 (2008).

Testimony from David C. Culpepper, a member of the LLC Task Force that drafted the revision to ORS 63.165, mirrors the commentary in the ULLCA:

> "If the member of the LLC was doing something for the LLC and engaged in some activity that caused harm, caused a car accident or slip and fall or something like that, then both that member, because they were the individual causing the liability, and the LLC would have liability."

Tape Recording, House Committee on Business and Consumer Affairs, SB 51A, Feb 24, 1999, Tape 40, Side A (statement of David C. Culpepper). It is clear from the ULLCA commentary and legislative history that the protection from liability in ORS 63.165 does not shield members from liability for their own conduct. Here, plaintiff has already claimed and received compensation for Sun Studs's conduct. He is not attempting to now recover from defendant for Sun Studs's liability. Rather, plaintiff is alleging that defendant's own conduct in managing Sun Studs's safety protocols caused plaintiff's injury. In other words, plaintiff contends that defendant committed acts that are actionable in tort and that

---

[6] ULLCA § 303(a) provides:

"Except as otherwise provided in subsection (c), the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager."

ULLCA § 303(a) and ORS 63.165(1) are identical except section 303(a) refers to subsection (c), which is not found in ORS 63.165. Subsection (c), which allowed members to waive the liability shield, was deliberately omitted because 1997 IRS regulations obviated the need for LLCs to possess characteristics similar to those of a corporation for tax purposes. House Committee on Business and Consumer Affairs, SB 51A, Feb 24, 1999, Ex G (Senate Bill 51 summary and commentary).

defendant bears direct responsibility for its own tortious conduct. As a matter of law, ORS 63.165 does not protect defendant against plaintiff's allegations.

We next turn to defendant's ELL claim. The ELL imposes liability on "all *owners*, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees." ORS 654.305 (emphasis added). To be liable under the ELL, the owner must be in charge of or responsible for the work involving the risk or danger. *Wilson v. P.G.E. Company*, 252 Or 385, 390, 448 P2d 562 (1968). The Oregon Supreme Court has held that liability under the ELL extends to persons or entities who (1) engage with the plaintiff's direct employer in a "common enterprise"; (2) retain the right to control the manner or method in which the risk-producing activity was performed; or (3) actually control the manner or method in which the risk-producing activity was performed. *Woodbury*, 335 Or at 160. Because defendant is not in common enterprise with Sun Studs, plaintiff's direct employer; did not retain the right to control plaintiff's dangerous activity; and did not actually control plaintiff, plaintiff's ELL claim against defendant must fail.

A "common enterprise" exists when (1) the plaintiff's direct employer and the defendant participate in a project of which the defendant's operations were integral or component parts; (2) the work involved a risk or danger to the employees or public; (3) the plaintiff was an adopted or intermingled employee of the defendant; and (4) the defendant had charge of, or responsibility for, the activity or instrumentality that caused the plaintiff's injury. *Sachar v. Bohemia, Inc.*, 302 Or 477, 486-87, 731 P2d 434 (1987). Here, defendant contends that plaintiff has presented no evidence that defendant was in charge of, or had responsibility for, the activity or instrumentality that caused plaintiff's injury. We agree. The forklift was the instrumentality that injured plaintiff. Sun Studs owned and controlled the forklift's day-to-day use. Management of the forklift fell on Sun Studs, not defendant. Therefore, plaintiff did not establish that a "common enterprise" between defendant and Sun Studs existed.

There is also no "retained control" liability. In *Wilson*, the Supreme Court held that there was no retained control liability for the defendant who reserved the right to step in and exercise authority to impose greater safety precautions if it perceived the plaintiff's direct employer's safety procedures were inadequate. 252 Or at 396. The purpose of the ELL is protection against workplace hazards. *Id.* at 395. To impose liability on an owner who reserves the right to implement greater safety protocols when the owner notices a deficiency in the direct employer's safety procedures would defeat the purpose of the ELL. *Id.* at 396-97. Here, Sun Studs maintained the forklift, and defendant's only authority rested in the right to establish what it perceived to be a better safety procedure. If defendant noticed a safety hazard, it could direct Sun Studs to make changes. Other than that level of control, defendant retained no other control over the forklift. Therefore, defendant did not retain control over the activity that injured plaintiff.

Finally, defendant did not have actual control over the instrumentality of plaintiff's injury. There is no right to control where the defendant's control of the direct employer and the plaintiff is provided by a safety procedure in a contract. *Wienke v. Ochoco Lumber Co.*, 276 Or 1159, 1165, 558 P2d 319 (1976). Rather, the defendant must advise on, or exercise some authority over, the instrument that caused the plaintiff's injury. *Woodbury*, 335 Or at 162. In *Woodbury*, the defendant and the direct employer jointly decided to use a fixed wooden platform consisting of plywood sheets. The defendant advised the direct employer that he should "build the platform sturdy enough" and "long enough to stay in the opening so it doesn't shift one way or the other." *Id.* The plaintiff injured himself after falling from the wooden platform, and the court held that there was sufficient evidence for the jury to conclude that the defendant had exercised actual control over the activity that caused the plaintiff's injury. *Id.* at 162-63.

In this case, plaintiff has not alleged that defendant advised Sun Studs on how to operate the forklift. Rather, defendant implemented a broad safety policy, which it implemented with all of its subsidiary LLCs, including Sun Studs. Defendant's policy did not specifically target Sun Studs, let

alone the use of the forklift. And, defendant did not advise Sun Studs on how it should operate the forklift. There are insufficient facts that defendant exercised actual control over the forklift. Viewing the evidence in the light most favorable to plaintiff, we conclude that defendant is entitled to a judgment as a matter of law on plaintiff's ELL claim.

We now turn to plaintiff's negligence claim. Defendant argues that, in *Boothby*, the Oregon Supreme Court held that the liability of an owner/general contractor for common-law negligence and negligence *per se* claims arising out of the work the plaintiff performed is "no more extensive than his or her liability for that work under the ELL." 341 Or at 46-47. In defendant's view, if there is no basis for a claim under the ELL, there cannot be a claim for common-law negligence. As a threshold matter, we disagree with defendant.

*Boothby* relied on *Howard v. Foster & Kleiser Co.*, 217 Or 516, 533, 332 P2d 621 (1958), *on reh'g*, 342 P2d 780 (1959), for the proposition that "a person's liability in negligence for work involving a risk or danger is generally no more extensive than his or her liability for that work under the ELL." *Boothby*, 341 Or at 46-47. In *Howard*, the plaintiff fell from the defendant's billboard when the ladder that the defendant provided broke. The court in *Howard* recognized that the ELL holds employers to a more stringent standard of care for the safety of its employees than that for general negligence claims and that some defenses that would be available in common-law negligence actions are not available to employers under the ELL. 217 Or at 533. For that reason, the court stated, "[i]f recovery cannot be had in this case under the Employers' Liability Law, it follows that none is available under the common-law rule of due care." *Id*. As a result, according to defendant, if we conclude that defendant is not liable under the ELL, then we must conclude that plaintiff has no common-law negligence case.

But *Howard*'s and *Boothby*'s rationale applies to cases where (1) the ELL is applicable to the defendant and (2) the court determines that the defendant has met the relatively high standard of care under the ELL. It stands to reason that if a defendant can meet a higher standard of care under the ELL, then the defendant can most certainly meet

the lower standard of care under negligence. The predicate for the rationale, though, does not exist in this case. We have concluded that the ELL claim should be dismissed because defendant did not exercise control over the instrumentality that caused plaintiff's injury; thus, the ELL is inapplicable to defendant. We have not concluded that defendant met the higher standard of care required by the ELL. Therefore, plaintiff's negligence claim is not barred by the failure of the ELL claim. Because defendant did not argue to the trial court that plaintiff failed to present sufficient facts to establish his negligence claim, we decline to review that issue here.

To summarize, we reverse the trial court's order granting defendant's motion for summary judgment and dismissing all of plaintiff's claims against defendant with prejudice. The exclusive remedy provision in ORS 656.018(3) does not apply to plaintiff's claims against defendant. Although the trial court correctly dismissed plaintiff's ELL claim because the ELL does not apply to defendant, the provision that protects members from liabilities of an LLC under ORS 63.165 does not apply to the allegations of negligence that plaintiff makes against defendant for its own conduct. We therefore remand the case to the trial court to resolve plaintiff's negligence claim.

Affirmed in part, reversed in part, and remanded.