AMERICAN BUYERS CLUB OF DANVILLE, ILLINOIS, INC., Plaintiff and Counterdefendant-Appellant, *v.* BELMONT MARKETING, INC., *et al.*, Defendants-Counterplaintiffs.—(FRED K. PRINCE, Defendant-Counterplaintiff-Appellee.)

Fourth District    No. 16695

Opinion filed April 23, 1981.

L. Robert Mueller, of Blan Law Offices, of Danville, for appellant.

Frederick Underhill, of Groppi, McNamara & Underhill, of Danville, for appellee Fred K. Prince.

John B. Jenkins, of Gunn, Hickman, Kesler, Jenkins & Brougher, P. C., of Danville, for appellees Belmont Marketing, Inc., and Gregory Gordon.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This appeal had its roots in an agreement wherein Belmont Marketing, Inc., granted plaintiff, American Buyers Club of Danville, Illinois, Inc., a nonexclusive license in and to a management training program. At the time of the agreement, Gregory Gordon was the president of Belmont Marketing. Under the agreement, Belmont Marketing and Gordon were to receive, as a royalty, a $100 payment per each Buyer's Club membership sold. Gordon assigned this payment right to Fred Prince, the appellee here.

A plethora of legal procedure has sprouted from this agreement. The plaintiff filed a complaint against Belmont Marketing, Gregory Gordon, and Fred Prince alleging misrepresentation, breach of contract, and noncompliance with the Franchise Disclosure Act (Ill. Rev. Stat. 1979, ch. 121½, par. 701 *et seq.*). Defendants, Gordon and Belmont Marketing, answered and counterclaimed, alleging that plaintiff violated the licensing agreement. They also filed a motion to dismiss count II of the plaintiff's complaint, which concerned Franchise Disclosure Act compliance. In a separate series of motions, defendant Prince also answered, counterclaimed, and filed a motion to dismiss count II of the plaintiff's complaint.

On August 19, 1980, the trial judge entered an order dismissing count II of the plaintiff's complaint in favor of Belmont Marketing and Gordon. The order said that the license agreement was not a "franchise" within the meaning of the Franchise Disclosure Act. Therefore, count II failed to state a cause of action. The order also said that, pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1979, ch. 110A, par. 304), there was no just reason for delaying appeal of the order. An identical order in favor of Belmont Marketing and Gordon was entered by the trial court on August 29, 1980. An order dismissing count II of the plaintiff's complaint against defendant Prince was entered on September 19, 1980. This order also contained a Rule 304 finding.

On appeal, the plaintiff argues persuasively that the trial court erred in finding that the license agreement was not a franchise within the

meaning of the Franchise Disclosure Act. However, we are compelled to decide this appeal on other grounds.

■■ By neglecting to appeal the dismissal of count II in favor of Belmont Marketing, Inc., and Gordon, the plaintiff has allowed the formidable barrier of collateral estoppel to block its appeal against Prince. The American Buyers Club's predicament is similar to that of the Pollution Control Board in *Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 398 N.E.2d 9. The Pollution Control Board elected not to appeal an adverse appellate court decision, which rendered the decision final. The supreme court said that this failure to appeal estopped the board from maintaining an appeal in a different action that involved other opposing parties but that concerned the same issue. The supreme court then dismissed the board's appeal.

■■ In *Illinois State Chamber of Commerce*, the supreme court said that the only pertinent questions for the utilization of collateral estoppel are whether the issue decided in the prior adjudication is identical with the one presented in the suit in question, whether there has been a final judgment on the merits, and whether the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication. Each of these factors is fulfilled in the instant case. The issue decided in the Belmont Marketing and Gordon dismissal is, of course, identical to the issue here since both motions to dismiss concern the same complaint filed by plaintiff against all defendants. The dismissal with respect to Belmont Marketing, Inc., and Gordon was final and contained the requisite finding of appealability under Supreme Court Rule 304. The plaintiff was a party in the prior adjudication with Belmont Marketing, Inc., and Gordon. Since all of the criteria for the application of collateral estoppel as set out in *Illinois State Chamber of Commerce* are fulfilled, we accordingly dismiss this appeal.

Belmont Marketing, Inc., and Gregory Gordon filed a motion with this court to intervene on behalf of Fred Prince. We ordered this issue to be taken with the case. As we have dismissed the appeal, the petition for intervention is moot.

Appeal dismissed; motion to intervene denied.

WEBBER and MILLS, JJ., concur.