JERRY RYHERD *et al.*, Plaintiffs-Appellants, v. GROWMARK, INC., Defendant-Appellee.

Fourth District    No. 4—86—0772

Opinion filed June 2, 1987.

Kenneth R. Baughman, of Monticello, for appellants.

Samuel C. Patton, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, Jerry Ryherd and his wife, filed suit against Ryherd's employer, Growmark, Inc., seeking damages for the aggravation of his work-related injuries based on a theory of fraudulent misrepresentation concerning Ryherd's working conditions. Connie Ryherd sought recompense for loss of consortium. Upon motion, the circuit court struck plaintiffs' complaint for failure to state a cause of action. Plaintiffs appeal. We affirm.

On appeal, this court is asked to consider whether such a cause of action can be brought by an employee against his employer in view of the exclusivity of sections 5(a) and 11 of the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1985, ch. 48, pars. 172.40, 172.46) and sections 5(a) and 11 of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, pars. 138.5, 138.11). Initially, we note the exclusivity provisions of both acts are corresponding for purposes of judicial construction. *Dur-Ite Co. v. Industrial Com.* (1946), 394 Ill. 338, 68 N.E.2d 717.

In considering a motion to dismiss for failure to state a cause of action, plaintiffs' pleaded facts are assumed to be true. *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198.

According to the complaint, Jerry Ryherd was exposed to vari-

ous chemical substances during his employment which permanently damaged his lungs. At some unspecified point in time between 1979 and 1981, Ryherd was told by a supervisory employee of defendant that continued exposure to these chemicals was "safe" and there "was nothing to be concerned about." Plaintiffs allege these representations were intentionally and fraudulently made with the intent to encourage Ryherd to stay on the job without proper protective respirators and clothing when defendant had reason to know exposure to these chemicals was not safe or, in the alternative, had no positive proof that prolonged exposure to the chemicals was safe. Based on these misrepresentations, on which Ryherd alleges he reasonably relied, he did not terminate his employment with defendant and suffered an aggravation of his work-related injury as a proximate result of the wilful and malicious conduct of the defendant.

As a matter of established Illinois law, to escape the bar of exclusivity plaintiff must show either that the injury (1) was not accidental; (2) did not arise out of employment; (3) was not incurred during the course of employment; or (4) was noncompensable under either Act. (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198; *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 451 N.E.2d 870.) The injuries here suffered are compensable. Application has been made and benefits have been received by Ryherd. Thus, plaintiffs cannot escape the exclusivity provisions of either Act for the initial injury. *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198.

Plaintiffs invite this court, nonetheless, to recognize a cause of action based on the holding in *Johns-Manville Products Corp. v. Superior Court* (1980), 27 Cal. 3d 465, 165 Cal. Rptr. 858, 612 P.2d 948, wherein the Supreme Court of California held for the first time that while a workers' compensation law bars an employee's action at law against the employer for his initial injury, a cause of action may exist for aggravation of the disease because of the employer's fraudulent concealment of the condition and its cause. There, the court allowed the plaintiff to bring suit for aggravation of the original disease he suffered from exposure to asbestos as a result of company physicians' fraudulent concealment of his existing pulmonary disease at a time when the doctors were advising plaintiff that it was safe to work in close proximity to asbestos. There, the plaintiff also alleged that the employer had wilfully failed to inform State health officials and its own doctors of the origins and nature of plaintiff's asbestos-related disease, of which it was aware.

In Illinois, aggravation of an injury is potentially compensa-

ble in a separate lawsuit only if it was incurred while Ryherd was not engaged "in the line of duty" as an employee, and this test has been construed as being identical to the general test of compensability under the compensation act; that is, covering injuries which " 'arise out of and in the course of employment.' " (*Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 968, 372 N.E.2d 842, 844.) Here, the facts clearly establish the injury occurred "in the line of duty" and no separate cause of action is available to plaintiffs under Illinois precedent.

We also conclude under the California exception plaintiffs have failed to establish a cause of action. Considering the facts in a light most favorable to the plaintiffs, at most, plaintiffs contend that a supervisory employee of defendant once told Ryherd that exposure to the chemicals with which he worked was safe. Although plaintiffs attempt to characterize this conduct as an intentional tort separate and apart from the harm which caused the injury, the California Supreme Court in *Johns-Manville* stated that under its compensation act such conduct could not be held to justify a separate action at law against the employer. The California Supreme Court made clear that the compensation act was the exclusive remedy for injuries suffered in cases in which the employer concealed the dangers inherent in the material the employees were required to handle (see *Wright v. FMC Corp.* (1978), 81 Cal. App. 3d 777, 146 Cal. Rptr. 740) or made false representations in that regard (*Buttner v. American Bell Telephone Co.* (1940), 41 Cal. App. 2d 581, 107 P.2d 439). Subsequent decisions interpreting *Johns-Manville* have reiterated that the California Workers' Compensation Act remains the exclusive remedy for additional compensation against an employer whose employee is injured in the first instance as a result of a deliberate failure to assure that the physical environment of the workplace is safe. (*Roberts v. Pup 'N' Taco Driveup* (1984), 160 Cal. App. 3d 278, 206 Cal. Rptr. 533.) Furthermore, the modern view respecting actionable intentional misconduct by the employer is that it must be alleged and proved that the employer acted deliberately with the specific intent to injure the employee. *Stalnaker v. Boeing Co.* (1986), 186 Cal. App. 3d 1291, 231 Cal. Rptr. 323.

We also conclude plaintiffs' citation to *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011, is inapposite. In *Handley*, the complaint, sounding in fraud, alleged that the employer represented to plaintiffs that asbestos dust was not harmful, knowing these representations to be false and intending that plaintiffs rely upon these representations, knowing plaintiffs were

unaware of the hazardous properties of asbestos. The complaint then made the further allegation that by this conduct the employer intended to cause bodily harm and kill the plaintiffs. This court held that the complaint stated a cause of action for an intentional tort which fell outside the exclusivity provisions of the Workers' Occupational Diseases Act. There, the complaint not only alleged that plaintiffs contracted the disease because defendant knew or concealed from them that their health was in danger from exposure to asbestos in the work environment, the employer was also charged with intentional misconduct far beyond the failure to assure that the substances used by the employee or the physical environment of the workplace was safe. Such allegations, if proved, were sufficient to allege that the employer directed, encouraged, or committed an intentional tort within the meaning of *Collier*.

Here, in contrast, the allegations of the complaint fail to establish the alleged fraudulent concealment of the potential for injury by repeated exposure to these chemicals was distinct from the industrial injury which Ryherd suffered while performing services growing out of or incidental to his employment. Moreover, there is no allegation the employer acted with the specific intent to injure. To the contrary, the allegation that the statement that the workplace was safe was made without positive, scientific proof supporting that assertion. This alleges, at most, a negligent misrepresentation unsupported by facts.

For the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.