RANDY WOLFORD, Plaintiff-Appellant, v. OWENS-CORNING FIBERGLAS CORPORATION, Defendant-Appellee.

Fourth District No. 4—88—0312

Opinion filed November 10, 1988.—Rehearing denied December 14, 1988.

LUND, J., dissenting.

James Walker, Ltd., of Bloomington, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (David R. Sinn and Christopher P. Larson, of counsel), for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff Randy Wolford filed an action in the circuit court of McLean County against defendant Owens-Corning Fiberglas Corporation, and others, alleging intentional tort relating to murder, fraud, and battery predicated upon plaintiff's exposure, while working for defendant, to dust of various products, including those containing asbestos. Defendant attacked the complaint by motion to dismiss, contending that the three counts of the complaint affecting the defendant stated conclusions without sufficient fact allegations, thus lacking compliance with section 2—601 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—601). The trial court granted defendant's motion; plaintiff elected to stand on his pleadings; and the trial court dismissed plaintiff's cause of action against defendant with prejudice. Plaintiff appeals, contending that there was collateral estoppel because of the judicial determination of the same issue in a cause of action entitled *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011. Defendant was also a defendant in *Handley*.

Defendant's position on appeal is that collateral estoppel is not applicable because the issue before this court in *Handley*, evolving from a motion to dismiss, related to an objection based upon substance and not form. In the present case, the motion to dismiss concerns an objection to form, and not substance.

The complaints in the present case and in *Handley* are sufficiently alike so as to be considered identical. The counts are voiced in language indicating intentional torts, obviously for the purpose of avoiding the exclusive provisions of the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1985, ch. 48, pars. 172.40 through 172.46). The issue of collateral estoppel was presented to the trial court by the indication of the similarities of pleadings and by the furnishing of the *Handley* appellate opinion. The trial court in *Handley* had ruled in plaintiffs' favor on the procedural sufficiency of the complaint, as well as ruling on the substantive issue.

■■ Our court in *Mohn v. International Vermiculite Co.* (1986), 147 Ill. App. 3d 717, 720-21, 498 N.E.2d 375, 377, adequately set forth the applicable law on collateral estoppel as follows:

"A party may be estopped from relitigating an issue or question when: the issue in the former case and pending case are identical; a final judgment on the merits has been rendered in the cause asserted as a bar; and the party against whom estoppel is asserted is the same party or in privity with a party in the first cause. Additionally, the party against whom estoppel is asserted must have had a full opportunity to litigate the issue or question. (*Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 7, 398 N.E.2d 9, 12; *American Buyers Club of Danville, Illinois, Inc. v. Belmont Marketing, Inc.* (1981), 95 Ill. App. 3d 330, 332, 420 N.E.2d 207, 208; *In re Estate of Ellis* (1975), 460 Pa. 281, 287, 333 A.2d 728, 731.) The doctrine will not be applied if injustice results to the party. (*Fred Olson Motor Service v. Container Corp. of America* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098.) Collateral estoppel is most often asserted by a defendant in an effort to preclude relitigation of an issue which the plaintiff has previously litigated against another defendant and lost. (See generally *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.)"

The defendant in the present case was a defendant in the *Handley* case, and the pleadings, which were subject to a motion to dismiss in the two cases, are practically identical. We must determine then whether the issue presented to our court in *Handley* is the same issue that was presented to the trial court in the present case.

For the purposes of this appeal, we need only consider the cross-appeal portion of the *Handley* opinion, which states:

"In the cross-appeal we consider whether suits alleging intentional torts against employers, whose business involves the use

of asbestos material, are barred by the exclusive remedy provisions of the Workers' Occupational Diseases Act." (*Handley*, 124 Ill. App. 3d at 58, 463 N.E.2d at 1013.)

The *Handley* court indicated that the plaintiffs did not file a brief addressing the issues raised in the cross-appeal. Regardless, the court discussed Owens-Corning's contention that the exclusive remedy provisions of the Workers' Occupational Diseases Act bars plaintiffs' action based upon intentional conduct. The court stated:

"In addition to making arguments on the constitutional issues noted above, defendant Owens-Corning argues that plaintiffs' suit is barred by the plain language of the exclusive remedy provisions, that no exception should be created to the statutory provisions by judicial legislation, and that a recognition of plaintiffs' suit would upset the carefully developed system of compensation which was the *quid pro quo* for requiring employers to give up traditional defenses available in common law actions. For reasons which follow, we affirm the denial of the motion to dismiss, as we conclude that plaintiffs' claims are not barred by the exclusive remedy provisions of the Workers' Occupational Diseases Act." *Handley*, 124 Ill. App. 3d at 69-70, 463 N.E.2d at 1021.

█▌█ The *Handley* opinion then proceeds for the next two pages, explaining the court's legal reasons for its holding. The court then went on to say:

"Here, in contrast, the allegations of plaintiffs' complaint alleged that defendant intended to kill [Handley] and his coworkers, that defendant's conscious purpose was the asbestos would become trapped in the lungs and bodies of the workers and that defendant intended bodily harm to plaintiffs. The fraud count also alleged, *inter alia,* that defendant represented to plaintiffs that asbestos dust was not harmful; defendant knew its representations were false and that the plaintiffs would become ill and die; defendant knew that plaintiffs were not aware of the hazardous properties of asbestos dust and that defendant made the representations with the intent that the decedent and his coworkers would rely upon them. These allegations are sufficient to allege that the employer directed, encouraged, or committed an intentional tort as stated in *Collier* to fall outside the exclusive remedy provisions of the Workers' Occupational Diseases Act." (*Handley*, 124 Ill. App. 3d at 71-72, 463 N.E.2d at 1023.)

Regardless of the *Handley* court's statement that the allegations "are

sufficient to allege," it is argued by defendant that the only issue considered by the appellate court was the one of substance, whether intentional torts are barred by the exclusive remedy provisions of the Workers' Occupational Diseases Act. While there is no specific indication that the appellate court considered the sufficiency of the complaint as to allegations of fact, our court has recently interpreted *Handley* as approving the procedural sufficiency of the complaint. (See *Ryherd v. Growmark, Inc.* (1987), 156 Ill. App. 3d 667, 671, 509 N.E.2d 113, 116.) In addition to the prior citations from *Handley* relating to "sufficient to allege," the opinion stated:

> "At this stage, we are only ruling upon a motion to dismiss and it remains to be seen what proof plaintiffs have to substantiate these allegations. In determining the sufficiency of a complaint, a motion to dismiss admits all allegations which are well pleaded together with reasonable inferences which can be drawn from the facts." (*Handley*, 124 Ill. App. 3d at 72, 463 N.E.2d at 1023.)

We conclude the issue before the trial court in the present case was one of the issues decided by our court in *Handley* and, therefore, collateral estoppel must apply. Also, from our examination of the complaint, we find sufficient factual allegations.

Reversed and remanded.

KNECHT, J., concurs.

JUSTICE LUND, dissenting:

A careful reading of *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011, establishes the appellate court did not consider the factual sufficiency of the plaintiffs' complaint. The decision dealt with the substantive issues, not the procedural issues. There is no question but that the trial court in *Handley* upheld the procedural sufficiency of the complaint. I, as does the majority, consider the complaint in the present case procedurally sufficient, but I do not believe the *Handley* decision justifies the application of collateral estoppel.

As he stated in oral arguments, plaintiff's counsel abandoned all argument on appeal except the issue of collateral estoppel. The sufficiency of factual allegations, except for that of collateral estoppel, are waived. See 107 Ill. 2d R. 341(e)(7).