JAMES HARTLINE, Plaintiff-Appellant, v. CELOTEX CORPORATION *et al.*, Defendants (ACandS, Inc., Defendant-Appellee).

First District (2nd Division)    No. 1—94—0122

Opinion filed May 23, 1995.

Cooney & Conway, of Chicago (William R. Fahey, Michael D. Mulvihill, and Kathy Byrne, of counsel), for appellant.

Mauck, Bellande & Cheely, of Chicago (Daniel J. Cheely and Richard C. Baker, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff, James Hartline, brought this action against defendant ACandS and 11 others on April 17, 1990, to recover damages for injuries allegedly incurred during his employment as an asbestos insulator. The circuit court dismissed counts V, VI, and VII of plaintiff's second amended complaint, which alleged the intentional torts of intent to kill, fraud, and battery, for failure to state a cause of action. For the following reasons, we affirm the judgment of the circuit court.

Plaintiff alleged that from 1956 to 1993, through the regular course of his employment, he was exposed to asbestos products which were designed, processed, manufactured, sold, and distributed by the 12 defendants. Plaintiff was employed as an insulator by defendant ACandS from 1965-68, during which time he worked with insulating materials which contained asbestos fibers. On July 12, 1989, plaintiff was diagnosed as having contracted asbestosis, an asbestos-related disease. On April 17, 1990, plaintiff filed a two-count complaint against the 12 defendants, seeking joint and several liability pursuant to theories of negligence and strict liability. Defendant filed a motion for summary judgment on April 28, 1993. Plaintiff filed an amended complaint on December 5, 1993. In response, defendant filed an objection, arguing that the amended complaint was insufficient at law and failed to state a cause of action for intentional tort. On December 8, 1993, plaintiff made an emergency motion for leave to file a second amended complaint which contained three new counts, alleging intentional misconduct, against defendant.

Count V alleged, in part, that defendant "knew through its corporate officers and employees that exposure to asbestos particles caused asbestosis and malignancies"; defendant "intentionally continued to operate its business with the knowledge that by doing so it exposed Plaintiff to asbestos"; and defendant "intended to kill Plaintiff and his co-workers in that it knew that exposing Plaintiff and his co-workers to huge amounts of asbestos created a strong probability of death or great bodily harm to Plaintiff and his co-workers in violation of *Ill. Rev. Stat.*, ch. 38, § 9—1."

Count VI alleged, in part, that defendant "represented to Plaintiff and his co-workers that asbestos dust was not harmful"; defendant "knew that its representations were false *** and knew that Plaintiff was not aware of the hazardous properties of asbestos and knew that Plaintiff believed Defendant's representations to be true"; and defendant "made the representations with the intent that Plaintiff and his co-workers would rely upon them."

Count VII alleged, in part, that defendant "knew that Plaintiff,

while working with asbestos, was constantly inhaling and ingesting asbestos which would become permanently encapsulated in Plaintiff's lung and body"; "Defendant's conscious purpose was that asbestos would become trapped in the lungs and bodies of the workers including the Plaintiff when performing AC&S operations"; and defendant "intended great bodily harm to Plaintiff."

The circuit court granted plaintiff leave to file the second amended complaint and treated defendant's objections to the first amended complaint as a section 2—615 (735 ILCS 5/2—615 (West 1992)) motion to dismiss the second amended complaint. After conducting a hearing on December 9, 1993, the circuit court granted the motion to dismiss counts V, VI, and VII, ruling that each count failed to state a cause of action. The court also granted plaintiff's request for Rule 304(a) (134 Ill. 2d R. 304(a)) language concerning the order.

■ Employee claims against an employer for occupational disease-related injuries are ordinarily barred by the exclusivity provisions of the Workers' Compensation Act and the Workers' Occupational Diseases Act (jointly, the Act) (Ill. Rev. Stat. 1991, ch. 48, pars. 138.5(a), 138.11, 172.36(f), 172.39 (now 820 ILCS 305/5(a), 11, 310/1(f), 4 (West 1992))). To escape the exclusivity bar, a plaintiff must prove that the injury (1) was not accidental; (2) did not arise out of employment; (3) was not incurred during the course of employment; or (4) was noncompensable under the Act. (Collier v. Wagner Castings Co. (1980), 81 Ill. 2d 229, 237, 408 N.E.2d 198.) Plaintiff argues that he adequately alleged that his injuries were not accidental, i.e., the result of an intentional tort, and the circuit court therefore erred in dismissing the three counts of his action for failure to state a claim.

A

■ A plaintiff who brings an intentional tort claim must allege that the defendant acted deliberately with the specific intent to injure. (Copass v. Illinois Power Co. (1991), 211 Ill. App. 3d 205, 214, 569 N.E.2d 1211, appeal denied (1991), 141 Ill. 2d 537, 580 N.E.2d 110.) An allegation that the defendant was "substantially certain," or knew with a "strong probability," that injury would result from its actions is not sufficient to escape the strictures of the Act's exclusivity provisions. (Copass, 211 Ill. App. 3d at 213; Wells v. IFR Engineering Co. (1993), 247 Ill. App. 3d 43, 46, 617 N.E.2d 204.) Defendant argues that plaintiff's claim does not allege the requisite specific intent. Plaintiff, relying on the language of his second amended complaint, contends that count V adequately alleges that "defendant intended to kill plaintiff," count VI adequately alleges that defendant

made false representations "with the intent" that plaintiff would rely on them and become injured, and count VII adequately alleges that defendant acted with the "conscious purpose *** that asbestos would become trapped" in plaintiff's lung and body and cause great bodily harm.

Plaintiff's second amended complaint is nearly identical to the complaints filed in *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011, and *Wolford v. Owens-Corning Fiberglas Corp.* (1988), 176 Ill. App. 3d 312, 530 N.E.2d 721. Plaintiff obtained a copy of the *Wolford* complaint, changed the names of the parties and other particulars, and submitted the result as his second amended complaint. In *Handley*, the fourth district affirmed the circuit court's denial of a motion to dismiss the plaintiffs' intentional tort claims relating to intent to kill, fraud, and battery. The appellate court found that the plaintiffs' complaint, which alleged, in part, that the defendant "intended to kill the plaintiff and his coworkers," that the "defendant knew its representations [about the effects of exposure to asbestos dust] were false and that the plaintiffs would become ill and die," and that the "defendant's conscious purpose was the asbestos would become trapped in the lungs and bodies of the workers," was sufficient to allege that defendant directed, encouraged, and committed an intentional tort within the meaning of *Collier* and was sufficient to fall outside the exclusive remedy provisions of the Act. The court emphasized that its ruling was based on a motion to dismiss and that the plaintiffs maintained the duty to substantiate their allegations. *Handley*, 124 Ill. App. 3d at 71-72.

In *Wolford*, the plaintiff filed an action, considered identical to that in *Handley*, alleging intentional tort relating to intent to kill, fraud, and battery. The defendant, who was also a defendant in *Handley*, filed a motion to dismiss, arguing that the plaintiff's allegations were factually insufficient. The circuit court granted the motion to dismiss. On appeal, the plaintiff contended that collateral estoppel, based on judicial determination of the same issue in *Handley*, prevented dismissal of the cause of action. The defendant argued that the *Handley* court addressed only the substantive question, whether intentional torts are barred by the exclusive remedy provisions of the Workers' Occupational Diseases Act, and did not consider the procedural issue, whether the complaint was factually sufficient. (*Wolford*, 176 Ill. App. 3d at 313.) While acknowledging a lack of definitive indicators in the *Handley* opinion, the *Wolford* court concluded that the *Handley* court did decide the procedural question of factual sufficiency. As a result, the *Wolford* court ruled that collateral estoppel applied to the motion to dismiss. Nonetheless, the *Wol-*

*ford* court noted that, after conducting its own examination of the complaint, it found sufficient factual allegations. (*Wolford*, 176 Ill. App. 3d at 316.) Justice Lund, in dissent, stated that the *Handley* court did not consider the factual sufficiency of the complaint and that collateral estoppel did not apply. However, he agreed that the plaintiff's complaint was procedurally sufficient. *Wolford*, 176 Ill. App. 3d at 316 (Lund, J., dissenting).

■ Defendant contends that the *Handley* and *Wolford* rulings should be rejected because the complaints in those cases failed to satisfy the specific intent standard enunciated in *Copass, Wells,* and *Bercaw v. Domino's Pizza, Inc.* (1994), 258 Ill. App. 3d 211, 218, 630 N.E.2d 166. Both *Handley* and *Wolford* were decided before the latter three cases, and neither contains "specific intent" language. However, a reading of the related cases does not suggest that *Handley* and *Wolford* applied a conflicting or less stringent standard. *Copass* adopted the specific intent test after the standard was introduced in the *dicta* of *Ryherd v. Growmark, Inc.* (1987), 156 Ill. App. 3d 667, 670, 509 N.E.2d 113, *appeal denied* (1987), 116 Ill. 2d 576, 515 N.E.2d 126. *Ryherd* cited the *Handley* decision with approval and contrasted the allegations of intentional conduct in *Handley* with allegations of negligent misrepresentation in the case under consideration. (*Ryherd*, 156 Ill. App. 3d at 670-71.) Similarly, *Bercaw* contrasted allegations of specific intent to harm in *Handley* with insufficient allegations that a company concealed the risk of assault from its pizza deliverypersons. The *Bercaw* court explained that *Handley* involved allegations that harm was certain to occur, while the assault of pizza deliverypersons was alleged to be only a possibility. (*Bercaw*, 258 Ill. App. 3d at 216-17.) *Wells* also made reference to *Handley* and did not indicate that *Handley* applied a less stringent standard than specific intent to harm. *Wells*, 247 Ill. App. 3d at 46.

While we agree that the *Handley* and *Wolford* courts determined that their respective complaints satisfied the specific intent standard, we find that those courts did not consider whether the allegations of specific intent were made with sufficient factual specificity. As a result, the *Handley* and *Wolford* decisions do not bar us from conducting our own analysis of the sufficiency of plaintiff's complaint.

B

■ Defendant contends that each of the three counts in question is deficient. Paragraph 9 of count V states:

"Defendant intended to kill Plaintiff and his co-workers in that it knew that exposing Plaintiff and his co-workers to huge amounts of asbestos created a strong probability of death or great bodily

harm to Plaintiff and his co-workers in violation of *Ill. Rev. Stat.*, ch. 38 § 9—1."

Defendant argues that count V alleges reckless misconduct rather than a specific intent to harm because paragraph 9 contains the language "strong probability of death." An allegation involving a strong probability of injury fails to amount to an allegation of intentional tort. (*Wells*, 247 Ill. App. 3d at 46.) Plaintiff contends that the "strong probability" wording, which is a direct quotation from the Criminal Code of 1961 (720 ILCS 5/9—1(a)(2) (West 1992)), does not provide the basis of count V. Rather, plaintiff argues, the pleading alleges that "[d]efendant intended to kill Plaintiff." However, the plain language of paragraph 9 alleges that defendant manifested its "intent to kill" by exposing plaintiff to asbestos with the awareness that a strong probability of death was created. Viewed in its totality, count V alleges a "strong probability" of injury. This is insufficient to escape the exclusivity provisions of the Act.

We note in passing that although a killing with knowledge that the acts that cause the death create a strong probability of death or great bodily harm is sufficient to convict a person for murder where there is a deceased, proof of the commission of such an act where there is no deceased is not sufficient to convict a person for attempted murder. Intent to kill is necessary to prove attempted murder. (*People v. Graham* (1985), 132 Ill. App. 3d 673, 682, 477 N.E.2d 1342.) The allegations in count V insufficiently alleged intent to kill.

■ Defendant also contends that counts VI and VII are factually insufficient. To withstand a motion to dismiss, a complaint must be supported by specific factual allegations. Conclusional allegations of fact or law are not to be considered by the court in ruling on such a motion. (*Mayfield v. Acme Barrel Co.* (1994), 258 Ill. App. 3d 32, 34, 629 N.E.2d 690.) Counts VI and VII fail to allege facts with a detailed level of specificity. For example, paragraph 6 of count VI states, "Defendant represented to plaintiff and his co-workers that asbestos dust was not harmful." The count does not allege what person made this representation; whether plaintiff was told this information in person, through a letter, a memorandum, or some other means of communication; what information the representation conveyed; or when the representation occurred. Similarly, paragraphs 7 and 13 of count VII state:

"7. Defendant knew that Plaintiff would become ill as a result of his exposure to asbestos."

"13. Defendant's conscious purpose was that asbestos would become trapped in the lungs and bodies of the workers including the Plaintiff when performing ACandS operations."

The count does not allege how and when defendant learned that workers exposed to asbestos would become ill; which of defendant's officers or executive employees decided that defendant desired that its workers be infected with asbestos; or when such a decision was made.

Counts VI and VII state conclusions. They are therefore inadequate to support an action for intentional tort to overcome the exclusivity provisions of the Act.

Giving due regard to the fact that plaintiff's complaint was twice amended without any effort to offer any amendments with more specificity before or after the counts in question had been dismissed, and that plaintiff elected to stand on his pleadings as evidenced by his request for Rule 304(a) language, and with due regard to the exclusivity provisions of the Act, we affirm the judgment of the circuit court.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.