NO. 4-01-1152 

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

BELINDA D. HUNTER, as Special

Administratrix of the Estate of

JEFFREY HUNTER, Deceased,

Plaintiff-Appellee,

v.

SOUTHWORTH PRODUCTS CORPORATION, a

Foreign Corporation,

Defendant and Third-Party

Plaintiff-Appellee,

v.

PACTIV CORPORATION, f/k/a TENNECO

PACKAGING, INC.; and BRENNAN HEATING

AND AIR CONDITIONING, INC.,

Third-Party Defendants,

and

EXXONMOBIL CORPORATION,

Third-Party Defendant-

Appellant.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Morgan County

No. 98L42

Honorable

J. David Bone,

Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Third-party defendant ExxonMobil Corporation (ExxonMobil) appeals from an order of the circuit court of Morgan County denying its motion for summary judgment on its affirmative defense claiming limited liability under the Workers' Compensation Act (Act) (820 ILCS 305/1 through 30 (West 2000)).  Plaintiff Belinda D. Hunter, as special administratrix of the estate of Jeffrey Hunter, deceased, instituted this products liability action against defendant Southworth Products Corporation (Southworth).  Southworth then filed third-party actions against ExxonMobil and Pactiv Corporation, f/k/a Tenneco Packaging, Inc. (Tenneco).  This court allowed this appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) to address the following question of law certified by the trial court:

"In a product liability action against the manufacturer of a hydraulic lift table which collapsed and killed the plaintiff's decedent, in which the defendant manufacturer filed a third-party complaint for contribution against a corporation that was the decedent's former employer for allegedly making negligent modifications to the lift table, and the modifications were made before the employment relationship with the decedent began, but continued to exist during and in the course and scope of the employment of the decedent and the injury to the decedent occurred after the employment relationship ended when the third-party defendant employer sold its assets to a company which continued to employ the decedent and continued to use the modified table lift, is the third-party defendant protected in the third-party action by the Illinois Worker's Compensation Act pursuant to the holding in 
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155[, 585 N.E.2d 1023] (1991)?"

The arguments of the parties are not limited to addressing the scope of 
Kotecki
 as it applies to this case.  The parties also contest the underlying question of whether the Act is the exclusive remedy against a former employer.  Because that question must be answered before reaching a determination of the scope of 
Kotecki
, we consider that issue here.  
Arriola v. Time Insurance Co.
, 323 Ill. App. 3d 138, 142-43, 751 N.E.2d 221, 224-25 (2001); see also 
Billerbeck v. Caterpillar Tractor Co.
, 292 Ill. App. 3d 350, 356-57, 685 N.E.2d 1018, 1022-23 (1997) (as part of a Rule 308 review, the court is not limited to answering the question, but may address the propriety of the order giving rise to the appeal).  We determine that the exclusive remedy against ExxonMobil under the facts alleged in this case is under the Act and answer the certified question "No" and remand the cause.

The facts are undisputed.  In 1992, ExxonMobil purchased and installed the lift table in its plant in Jacksonville, Illinois.  It is alleged that, at the time of installation, ExxonMobil modified the lift table.  The deceased was hired by ExxonMobil to work as an electrician in the plant on January 20, 1995.  On October 1, 1995, ExxonMobil sold the plant to Tenneco as part of the transfer of ExxonMobil's entire plastics business.  After the change of ownership, the deceased continued to work at the plant for Tenneco, and Tenneco continued to use the modified lift table.  On February 4, 1996, the deceased was performing maintenance work on the lift table when it fell on him and caused his death.  The third-party complaint alleged that the modifications to the table made by ExxonMobil at the time of installation caused the accident.  In November 1999, Tenneco changed its name to Pactiv Corporation (Pactiv).  At all times it owned and operated the plant, ExxonMobil maintained workers' compensation insurance for its employees.  Since purchasing the plant from ExxonMobil, Tenneco and Pactiv maintained workers' compensation insurance coverage for employees.  After decedent's death, Pactiv provided benefits under the Act to his widow.

In
 
Meerbrey v. Marshall Field & Co.
, 139 Ill. 2d 455, 462, 564 N.E.2d 1222, 1225 (1990), the Supreme Court of Illinois explained:

"The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment.  (See 
Pathfinder Co. v. Industrial Comm'n
 (1976), 62 Ill. 2d 556.)  Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer.  The exclusive remedy provision 'is part of the 
quid
 
pro
 
quo
 in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.'  (2A A. Larson, Law of Workmen's Compensation §65.11 (1988).)" 

See 820 ILCS 305/5(a) (West 2000) (other than compensation provided under the Act, no common-law or statutory right is available to recover damages from the employer for injury to or death of an employee while engaged in the line of duty as employee).  When the Act applies, whether by statutory definition or election of the employer, the measure of the employer's responsibility is the compensation and other provisions of the Act.  820 ILCS 305/11 (West 2000).  To escape the exclusivity of the Act, a plaintiff must allege and prove that the injury "(1) was not accidental; (2) did not arise out of employment; (3) was not incurred during the course of employment; or (4) was noncompensable under the Act."  
Hartline v. Celotex Corp.
, 272 Ill. App. 3d 952, 955, 651 N.E.2d 582, 584 (1995), citing 
Collier v. Wagner Castings Co.
, 81 Ill. 2d 229, 237, 408 N.E.2d 198, 202 (1980).

In 
Hartline
, the court found that the exclusivity provisions of the Act (now 820 ILCS 305/5(a), 11 (West 2000)) and the Workers' Occupational Diseases Act (now 820 ILCS 310/1(f), 4 (West 2000)) barred a plaintiff from pursuing an action against a former employer for incurring an asbestos-related disease as a result of being exposed to asbestos products in the course of his employment.  
Hartline
, 272 Ill. App. 3d at 954-59, 651 N.E.2d at 583-86; see also 
Handley v. Unarco Industries, Inc.
, 124 Ill. App. 3d 56, 58, 463 N.E.2d 1011, 1013-14 (1984) (discussing the application of the exclusivity provision of the Workers' Occupational Diseases Act to asbestos-related claims against successive employers operating the same plants, although determining in that case that the complaint sufficiently alleged an intentional tort falling outside the exclusivity provision (
Handley
, 124 Ill. App. 3d at 72, 463 N.E.2d at 1023)).  However, this is not a case in which the injured worker or dependent of the injured worker seeks to directly establish liability of a former employer outside of the Act, and the Act is not the basis for the third-party action against ExxonMobil.

Courts in other jurisdictions have considered the apportionment of liability between successive workers' compensation insurance carriers when there has been an intervening change of employers, depending on the characterization of the successive accidental injury as a new injury, aggravation of an earlier injury, or a recurrence.  See 4 A. Larson, Workmen's Compensation §95.11 (1986); 9 L. Larson, Larson's Workers' Compensation Law §153.01[1], at 153-2, 153-3 (2000).  The three recognized possible solutions are to (1) hold the first insurer liable, (2) place the entire risk on the insurer at the time of the injury, or (3) have them share the liability.  4 A. Larson, Workmen's Compensation  §95.12 (1986); 9 L. Larson, Larson's Workers' Compensation Law  §153.01[2], at 153-3 to 153-5 (2000).

However, this case does not involve apportionment of successive injuries.  Instead, this case involves a single, traumatic injury.  There is no contention that workers' compensation liability should be apportioned among the current and former employers.  Indeed, there is no suggestion that the former employer has any workers' compensation liability.

Under 
Kotecki
, an employer's liability and contribution cannot be greater than its liability under the Act.  
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155, 164-65, 585 N.E.2d 1023, 1027-28 (1991).  ExxonMobil has not been shown to have any liability under the Act.  Southworth attempts to avoid a zero contribution result by arguing that, at the time of injury, ExxonMobil was not decedent's employer.  ExxonMobil, on the other hand, argues that any action it took to modify the lift table occurred before or during its employment of claimant and, therefore, its liability is limited to the Act.

Under the Act, an employer includes a person, firm, or private corporation with a person in service or under contract for hire and who is engaged in any of the extrahazardous activities enumerated in section 3 of the Act (820 ILCS 305/3 (West 2000)) or who, at or prior to the time of the accident, elected to become subject to the Act and did not withdraw that election (820 ILCS 305/2 (West 2000)).  820 ILCS 305/1(a)(2) (West 2000).  It is undisputed that, at the time ExxonMobil installed the lift table and employed decedent, it had elected to be subject to the Act and had provided workers' compensation insurance for its employees.  When an employer elects to provide and pay compensation for accidental injuries to employees arising out of and in the course of employment under the Act, the employer is relieved from any liability for recovery of damages except as provided in the Act.  820 ILCS 305/2 (West 2000).  As already noted, when an employer is covered by the Act, no common-law or statutory right to recover damages from the employer, other than that provided by the Act, is available to the employee, a dependent, or legal representative of the employee, or "any one otherwise entitled to recover damages for such injury."  820 ILCS 305/5(a) (West 2000).  When coverage is provided by the Act, the Act sets the measure of responsibility of the employer.  820 ILCS 305/11 (West 2000).  

Statutory interpretation is a question of law that this court considers 
de
 
novo
.  
In re Marriage of Kates
, 198 Ill. 2d 156, 163, 761 N.E.2d 153, 157 (2001).  The cardinal rule of statutory construction is to ascertain and give effect to legislative intent.  In doing so, courts first look to the statutory language, avoid interpretations that render any part of the statute meaningless or void, and presume that the legislature did not intend absurdity, inconvenience, or injustice.  
McNamee v. Federated Equipment & Supply Co.
, 181 Ill. 2d 415, 423-24, 692 N.E.2d 1157, 1161 (1998).

Southworth argues that the relationship of the parties at the time of the accidental injury establishes the availability of the exclusivity defense to an action in tort.  2A A. Larson, Workmen's Compensation §65.13 (1989); 6 L. Larson, Larson's Workers' Compensation Law §100.01[3], at 100-6 (2002).  This is the main principle upon which the primary cases cited by Southworth rely.  
DuVon v. Rockwell International
, 116 Wash. 2d 749, 754, 807 P.2d 876, 878 (1991), citing 2A A. Larson, Workmen's Compensation (1989); 
Konken v. Oakland Farmers' Elevator Co.
, 425 N.W.2d 302, 305 (1988) (Minn. Ct. App.) (injury must have a causal relationship with the employment by the named defendant).  It is undisputed in this case that, had the fatal accident occurred while ExxonMobil owned and operated the plant, the exclusive remedy would have been under the Act even though the alleged improper modification of the lift table occurred prior to decedent's employment by ExxonMobil. 

In 
Fields v. Jantec, Inc.
, 317 Or. 432, 857 P.2d 95 (1993), the Supreme Court of Oregon construed the language of the exclusivity provision of the Oregon Workers' Compensation Law (Or. Rev. Stat. §656.018 (1999)) and concluded that, as a matter of public policy, the injured employee may not bring an action for damages against a former employer who had complied with the workers' compensation law with respect to alleged negligence that occurred during and in the scope of the former complying employment.  
Fields
, 317 Or. at 443, 857 P.2d at 100.  The Oregon court reasoned that (1) the legislature struck a bargain providing strict liability regardless of fault to compensate employees for injuries arising out of and in the course of employment in exchange for limiting recovery and abandoning common-law rights of action against employers; (2) when the parties are covered, the rights and remedies provided are exclusive pursuant to the contract between the employee, employer, and the state; (3) an employer that complies fully with statutory obligations has entirely fulfilled its part of the bargain and is entitled to performance by the other party to the contract; and (4) a rule allowing common-law actions against former employers would create anomalous results including disparate recoveries by injured workers, disparate liabilities by employers, and uncertain future liability for an employer that has sold its business and is no longer employing workers.  
Fields
, 317 Or. at 441-42, 857 P.2d at 99-100, citing 
McGarrah v. State Accident Insurance Fund Corp.
, 296 Or. 145, 160-61, 675 P.2d 159, 168 (1983), and 
Shoemaker v. Johnson
, 241 Or. 511, 519, 407 P.2d 257, 260-61 (1965); see also 
Weaver v. Kimberly-Clark Corp.
, No. 2991238 (Ala. Civ. App. November 30, 2001) (finding that the exclusivity provision of the Alabama Workers' Compensation Act (Ala. Code §§25-5-52, 25-5-53 (1975)) applies to a former complying employer under the reasoning in 
Fields
).  Unlike the court in 
Fields
 (
Fields
, 317 Or. at 442-43, 857 P.2d at 100), we believe the results in 
DuVon
 and 
Konken
 are more appropriate in this case.   

The language of the Act differs from the language of the Oregon exclusivity provision.  In Illinois, the Act defines "employer" and "employee" and authorizes recovery under the Act for injuries incurred when the employee is engaged in the line of duty as an employee.  It is undisputed that, in this case, ExxonMobil was not the employer at the time of injury. ExxonMobil admitted at oral argument that, at the time of the injury, it was no longer carrying workers' compensation insurance for employees of the subject plant.  Therefore, ExxonMobil was no longer performing a statutory obligation under the Act and had availed itself of the opportunity to eliminate the payment of workers' compensation premiums to provide workers' compensation coverage for its former employees.

We decline to adopt the public policy analysis utilized in 
Fields
.  Instead, we note that the legislature could have expressly limited exposure for former employers under the Act, but did not.  The courts will not, under the guise of statutory interpretation, supply omissions; remedy defects; annex new provisions; substitute different provisions; add exceptions, limitations, or conditions; or otherwise alter the statute so as to depart from the plain meaning of the language employed in the statute.  
In re Marriage of Beyer
, 324 Ill. App. 3d 305, 309-10, 753 N.E.2d 1032, 1036 (2001).  As a result, ExxonMobil was not entitled to protection of the exclusivity provision of the Act and the limit on third-party liability in 
Kotecki
. 

Question answered; cause remanded.

KNECHT and APPLETON, JJ., concur