The petitioners now before us, Robert Weaver and Frances Weaver, sued Robert's former employer Kimberly-Clark Corporation and other defendants for negligently or wantonly installing, maintaining, or repairing a catwalk and its handrail in a pulp and paper mill while Kimberly-Clark owned the mill and employed Robert and, by such negligence or wantonness, causing Robert's injury, which occurred after Robert's employment with Kimberly-Clark had terminated and after Kimberly-Clark's ownership of the mill, the site of the injury, had terminated. Robert was injured in a fall caused by the failure of the handrail, which "gave way."
Kimberly-Clark moved for a summary judgment on the ground that the exclusivity provisions of the Workers' Compensation Act, § 25-5-52
and § 25-5-53, Ala. Code 1975, barred the Weavers from suing Kimberly-Clark. After a hearing, the trial court entered summary judgment in favor of Kimberly-Clark but stayed entry of the judgment for 60 days to allow the Weavers to present evidence and to show cause why the judgment should not become final. The Weavers filed a memorandum of law in opposition to the summary judgment motion. While, in replying to the Weavers' opposition memorandum, Kimberly-Clark contended that the memorandum was untimely and insufficient, Kimberly Clark did not move to strike it. After considering the Weavers' opposition memorandum, the trial court "vacate[d] the finality of the judgment" and scheduled a hearing on the summary judgment motion. After the hearing, the trial court made its order granting summary judgment in favor of Kimberly-Clark final and appealable pursuant to Rule 54(b), Ala.R.Civ.P.
The Court of Civil Appeals affirmed the judgment of the trial court.Weaver v. Kimberly-Clark Corp., [Ms. 2991238, November 30, 2001]871 So.2d 814 (Ala.Civ.App. 2001). Relying on Fields v. Jantec, 317 Or. 432,857 P.2d 95 (1993), the Court of Civil Appeals held that Kimberly-Clark was entitled to invoke the exclusivity provisions of the Alabama Workers' Compensation Act, § 25-5-52 and § 25-5-53, Ala. Code 1975, because Kimberly-Clark *Page 823 
was Robert's employer at the time of the alleged negligence or wantonness although not at the time of Robert's injury.
The Weavers have petitioned us for a writ of certiorari, which we have granted, to review the judgment of the Court of Civil Appeals. The Weavers present a question of first impression: whether "a former employer of an injured former employee can avail itself of [the] Workers' Compensation [Act] exclusivity immunity when an employee-employer relationship existed at the time of the defendant/former employer's negligent act, but not at the time of the injury to the plaintiff/former employee." (Weavers' brief, p. 1.)
The first argument to us by Kimberly-Clark is that a procedural default by the Weavers before the trial court justifies its entry of summary judgment. Kimberly-Clark argues that the Weavers did not oppose the motion for summary judgment with factual evidence as ordered by the trial court but opposed the motion for summary judgment only with authorities and argument on the law. Kimberly-Clark further argues that this Court, therefore, should strike the opposition the Weavers filed before the trial court.
This argument by Kimberly-Clark fails for two reasons. First, because a moving party's entitlement to summary judgment depends not only on the absence of a genuine issue of material fact but also on the propriety of judgment as a matter of law, Rule 56(c)(3), Ala.R.Civ.P., and Dobbs v.Shelby County Econ. Indus. Dev. Auth., 749 So.2d 425, 428 (Ala. 1999), the Weavers were entitled to rely on the impropriety of summary judgment as a matter of law. Second, Kimberly-Clark failed to move to strike the Weavers' opposition before the trial court. "Our review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court." Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala. 1992). Therefore, this Court will proceed to analyze the issue of first impression presented by this petition for the writ of certiorari.
"On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil appeals." Ex parte Toyota Motor Corp., 684 So.2d 132, 135
(Ala. 1996).
 "Summary judgment is appropriate only when `there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala.R.Civ.P., and Dobbs v. Shelby County Economic Indus. Dev. Auth., 749 So.2d 425
(Ala. 1999). The court must accept the tendencies of the evidence most favorable to the nonmoving party and must resolve all reasonable doubts in favor of the nonmoving party. System Dynamics Int'l, Inc. v. Boykin, 683 So.2d 419 (Ala. 1996). In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, supra."
Ex parte Kraatz, 775 So.2d 801, 803 (Ala. 2000).
 "The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute. Gholston v. State, 620 So.2d 719 (Ala. 1993). Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language *Page 824 
to mean exactly what it says. IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344
(Ala. 1992)."
Ex parte State Dep't of Revenue, 683 So.2d 980, 983 (Ala. 1996). "Sections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each." Locke v. Wheat, 350 So.2d 451,453 (Ala. 1977) (citations omitted). "Courts must liberally construe the workers' compensation law `to effectuate its beneficent purposes,' although such a construction must be one that the language of the statute `fairly and reasonably' supports." Ex parte Dunlop Tire Corp.,706 So.2d 729, 733 (Ala. 1997) (quoting Ex parte Beaver Valley Corp.,477 So.2d 408, 411 (Ala. 1985)). Accord Ex parte Taylor, 728 So.2d 635,637 (Ala. 1998), and Yates v. United States Fid. Guar. Ins. Co.,670 So.2d 908, 909 (Ala. 1995).
The exclusivity provisions of the Workers' Compensation Act, §25-5-52 and § 25-5-53, provide, in pertinent part, respectively:
 "Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative, surviving spouse, or next of kin of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."
§ 25-5-52 (emphasis added).
 "The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury
or death is due to an accident or to an occupational disease while engaged in the service or business of the employer; the cause of which accident or occupational disease originates in the employment. . . ."
§ 25-5-53 (emphasis added).
Section 25-5-1(4) defines an "employer," in pertinent part, as "[e]very person who employs another to perform a service for hire and pays wages directly to the person." Section 25-5-1(5) defines an "employee," in pertinent part, as "every person in the service of another under any contract of hire, express or implied, oral or written, including aliens and also including minors who are legally permitted to work under the laws of this state." Section 25-5-11(a) permits an employee to sue a third party for injuries sustained by the employee in his or her employment:
 "(a) If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained *Page 825 
and determined without regard to this chapter." (Emphasis added.)
"Our Work[ers'] Compensation Laws were adopted from those of Minnesota and the Minnesota construction of their laws is of persuasive value to this court." Eley v. Bruner-Lay Southern Corp., 289 Ala. 120, 125,266 So.2d 276, 281 (1972). In dissenting from the main opinion in Weaverv. Kimberly-Clark Corp., supra, Judge Crawley succinctly stated the rationale and the holding of the Minnesota Court of Appeals in Konken v.Oakland Farmers' Elevator Co., 425 N.W.2d 302 (Minn.Ct.App. 1988):
 "[T]he Minnesota court concluded that a former employer is not an `employer' because the definition of `employer' (`any person who employs another to perform a service for hire') is cast in the present tense, and a former employer is, therefore, a `person other than the employer' against whom a third-party action can be maintained. [Konken v. Oakland Farmers' Elevator Co.,] 425 N.W.2d [302] at 305 [(Minn.Ct.App. 1998)]. The Alabama definition of `employer' is, like the Minnesota definition, also cast in the present tense. See § 25-1-20(2), Ala. Code 1975 (defining `employer' as `any person employing 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, including any agent of that person'). The Alabama Workers' Compensation Act, like the Minnesota Act, also contains exclusivity provisions limiting a worker's remedies as against his employer, see §§ 25-5-52 and 25-5-53, Ala. Code 1975, but not as against third parties, or `part[ies] other than the employer,' see § 25-5-11(a), Ala. Code 1975.
 "In Konken, the Minnesota court, quoting the New York Supreme Court, Appellate Division, stated:
 "'In this common law action brought for injuries sustained [after the sale of assets], [the former employer] and its related business entities stand as third parties rather than as employers in relation to plaintiff and thus cannot use the fortuity of a prior employment relationship as a basis for invoking the [exclusive-remedy provision].'
 "Konken, 425 N.W.2d at 305-06 (quoting Hull[v. Aurora Corp. of Illinois], 89 A.D.2d [681,] at 682, 454 N.Y.S.2d [39,] at 40 [(1982)])."
871 So.2d at 820 (emphasis added). See also Duvon v. Rockwell Int'l,Inc. 116 Wn.2d 749, 807 P.2d 876 (1991).
In Fields v. Jantec, Inc., 317 Or. 432, 857 P.2d 95 (1993), the Oregon Supreme Court adopted a contrary and minority view that a former employer who had complied with its statutory duty of maintaining workers' compensation insurance, whether self-insurance or carrier-provided-insurance, O.R.S. § 656.017 (1993), "has fulfilled its part of the bargain" of its contractual relationship with a formerly covered employee. 317 Or. at 442, 857 P.2d at 100. Because the Oregon Legislature had adopted "`a form of strict liability requiring employers, regardless of fault, to compensate employees for injuries arising out of and in the course of employment . . . [and requiring] employees . . .[to] abandon any common law right of action against their employers,'" the Oregon Supreme Court concluded that a former employer who had been a "complying employer" should be protected from common-law actions for alleged negligence that had occurred during the former employment. Fields, 317 Or. at 441, 857 P.2d at 99 *Page 826 
(quoting McGarrah v.SAIF, 296 Or. 145, 160-61, 675 P.2d 159 (1983)).
After the Court of Civil Appeals released its opinion in the case before us, the Illinois Court of Appeals addressed the issue of whether a former employer of a subsequently injured former employee is entitled to the exclusivity immunity of the Illinois Workers' Compensation Act.Hunter v. Southworth Prods. Corp., 333 Ill. App.3d 158, 775 N.E.2d 238
(2002). In Hunter, ExxonMobil Corporation purchased and installed a hydraulic lift table in one of its plants. ExxonMobil subsequently hired Jeffrey Hunter to work as an electrician in the plant. Approximately nine months later ExxonMobil sold the plant to Tenneco Packaging, Inc. After the sale of the plant, Hunter continued working at the plant for Tenneco. Shortly thereafter, while Hunter was performing maintenance on the lift table, it killed him by collapsing on him. Hunter's widow sued the manufacturer of the lift table. The manufacturer filed a third-party action against ExxonMobil and Tenneco. ExxonMobil pleaded the exclusivity immunity of the Illinois Workers' Compensation Act as a defense and asserted it in a motion for summary judgment. The trial court denied the motion for summary judgment, and ExxonMobil appealed the denial.
Expressly rejecting the rationale of Fields, supra, the Illinois Court of Appeals held that the Illinois Legislature could have expressly limited the exposure of former employers under the Illinois Workers' Compensation Act, but did not do so. The Illinois Court of Appeals held that a former employer is not an "employer" as defined in the Illinois Workers' Compensation Act and thus is not "entitled to protection of the exclusivity provision of the [Workers' Compensation] Act." Hunter,333 Ill. App.3d at 165, 775 N.E.2d at 243.
6 Arthur Larson Lex K. Larson, Larson's Workers' CompensationLaw § 100.01[3], p. 100-6 (2002), states that "[t]he controlling factin establishing exclusiveness [of the remedy] is the relationship of theparties at the time of occurrence of the injury. Their relationship at other times, such as the time of the employer's [injury-causing] misconduct or the time of bringing the suit, is immaterial." (Footnote omitted; emphasis added.)
An essential element of the exclusivity immunity of § 25-5-52 is that the injury be "occasioned by an accident . . . proximately resulting from and while [the employee is] engaged in the actual performance of the duties of his or her employment" with the employer. Likewise, an essential element of the exclusivity immunity of § 25-5-53 is that the "injury . . . is due to an accident . . . while [the employee is] engaged in the service or business of the employer." The timing and circumstances of Robert's accident and injury do not satisfy either essential element. Robert's injury was not "occasioned by an accident . . . proximately resulting from and while [Robert was] engaged in the actual performance of the duties of his . . . employment" with Kimberly-Clark. § 25-5-52. Nor was Robert's "injury . . . due to an accident . . . while [Robert was] engaged in the service or business of" Kimberly-Clark. § 25-5-53. Therefore, the claim of immunity by Kimberly-Clark does not meet the express requirements of either §25-5-52 or § 25-5-53. The argument by Kimberly-Clark that it was Robert's employer at the time of its alleged negligence or wantonness is not enough to satisfy all of the express requirements of either section for the exclusivity-immunity. *Page 827 
The language of the exclusivity provisions read together with the definitions of "employer" and "employee" do not "`fairly and reasonably' support" an interpretation that these statutes protect former employers from actions by former employees for injuries sustained after the termination of the employer-employee relationship. Ex parte Dunlop TireCorp., 706 So.2d at 733 (quoting Ex parte Beaver Valley Corp., 477 So.2d at 411). Thus, we agree with Minnesota Court of Appeals, the Illinois Court of Appeals, and L. Larson in rejecting the claim of immunity in such a case. Konken, supra, Hunter, supra, and 6 Larson, Larson'sWorkers' Compensation § 100.03[3]. Accordingly, we reject the interpretation adopted by the Oregon Supreme Court in Fields, supra. Consequently, we reverse the judgment of the Court of Civil Appeals and remand the case for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and HOUSTON, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
SEE, J., dissents.
LYONS, J., recuses himself.